UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DANIEL REASE, individually and on behalf of all persons and entities similarly situated,

    Plaintiff,

v.

CHARTER COMMUNICATIONS, INC.

    Defendants.

Case No. 3:20-cv-00150-RNC

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Charter Communications, LLC ("Charter"), hereby submits its Answer to Plaintiff Daniel Rease's Class Action Complaint ("Complaint") (D.E. 1), as follows:

**NATURE OF ACTION**[1]

1.    Charter admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which speaks for itself. Except as expressly admitted herein, Charter denies the remaining allegations of this paragraph and further denies any wrongdoing. Charter further denies that Plaintiff or the putative class members have any causes of action against Charter or are entitled to any relief whatsoever against Charter, and states that any purported class treatment of this action is wholly inappropriate.

---

[1] For the Court's convenience, Charter has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Charter does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Charter waive any right to object to those characterizations.

## JURISDICTION AND VENUE

2. The jurisdictional allegations in paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, Charter denies that this Court has subject matter jurisdiction over this action because Charter denies that Plaintiff suffered an injury sufficient to satisfy Article III and that any injury Plaintiff did suffer is fairly traceable to any conduct by Charter.

3. The jurisdictional allegations in paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Charter admits personal jurisdiction is proper but denies venue is appropriate or convenient, as Plaintiff is a resident of Florida and allegedly received the text messages at issue in Florida.

## PARTIES

4. Charter is without information or knowledge sufficient to form a belief as to the truth of allegations in paragraph 4 and therefore denies them.

5. Charter admits that it is incorporated under the laws of Delaware and maintains its headquarters in Stamford, Connecticut. Except as expressly admitted herein, Charter denies the remaining allegations of this paragraph.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Charter admits that the allegations in paragraph 7 refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which speaks for itself. Except as expressly admitted herein, Charter denies the allegations in paragraph 7.

8.     Charter admits that the allegations in paragraph 8 purportedly refer to an uncited FCC finding, which, if it exists, speaks for itself. Except as expressly admitted herein, Charter denies the allegations in paragraph 8.

9.     The allegations in paragraph 9 are not well-pleaded allegations of fact, but state legal conclusions to which no response is required. To the extent a response is required, Charter admits that the allegations refer to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and authority refencing the same, which speaks for themselves. Except as expressly admitted herein, Charter denies the allegations in paragraph 9.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.    Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17.    Charter denies the allegations in paragraph 17.

18. Charter denies the allegations in paragraph 18.

19. Charter denies the allegations in paragraph 19.

20. Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

## CLASS ACTION ALLEGATIONS

21. Charter admits that Plaintiff purports to have filed this action on behalf of himself and all others he claims are similarly situated as an alleged member of the classes described in paragraphs 21 through 22. Charter denies the remaining allegations in paragraph 21. Charter further denies that class certification is appropriate in this case.

22. Charter admits that Plaintiff purports to have filed this action on behalf of himself and all others he claims are similarly situated as an alleged member of the classes described in paragraphs 21 through 22. Charter denies the remaining allegations in paragraph 22. Charter further denies that class certification is appropriate in this case.

23. Charter admits that Plaintiff purports to reserve his right to modify the class definition, to which no response is required. To the extent a response is required, Charter reserves its right to oppose any proposed modifications to the class definition, and further denies that class certification is appropriate in this case.

24. Charter denies the allegations in paragraph 24.

25. Charter admits that Plaintiff's Complaint seeks injunctive and monetary relief but denies that such relief is appropriate. Charter further denies that class certification is appropriate in this case.

26. Charter denies the allegations in paragraph 26.

27. Charter denies the allegations in paragraph 27.

28. Charter denies the allegations of paragraph 28, and further denies that class certification is appropriate in this case.

29. Charter denies the allegations in paragraph 29.

30. Charter denies the allegations in paragraph 30.

31. Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. Charter does not have information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. Charter denies the allegations in paragraph 33, including subparts a through d.

34. Charter denies the allegations in paragraph 34.

35. Charter denies the allegations in paragraph 35.

**<u>CLAIM FOR RELIEF</u>**
**VIOLATION OF THE TELEPHONE**
**CONSUMER PROTECTION AT**
**(47 U.S.C. § 227)**

36. Charter incorporates its responses to the preceding paragraphs.

37. Charter denies the allegations in paragraph 37.

38. Charter denies the allegations in paragraph 38.

39. Charter denies the allegations in paragraph 39.

40. Charter denies the allegations in paragraph 40.

41. Charter admits only that Plaintiff seeks certain relief in paragraph 41 but denies that any such relief is appropriate in this case.

**PRAYER FOR RELIEF**

Charter denies the allegations in Plaintiff's unnumbered "Prayer for Relief" section, including each and every allegation in the subparagraphs A through D, and specifically denies that

Plaintiff is entitled to class certification, appointment as class representative or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## DEMAND FOR JURYT RIAL

Charter denies that any of the allegations set forth in the Complaint allege triable issues against Charter.

## GENERAL DENIAL

Charter denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Charter asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Charter does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Charter.  For example, Plaintiff failed to show that any calls or messages she allegedly received were those for "which the called party is charged" as required by the TCPA, and they fail to set forth facts supporting their allegations that an ATDS was used to place the calls and messages at issue.

## SECOND AFFIRMATIVE DEFENSE

### (Improper Venue)

For the convenience of the parties and witnesses, and the interests of justice, Plaintiff's claim should be transferred to a more appropriate forum.  In particular, Florida would be more

appropriate because Plaintiff resides in Florida and allegedly received the text messages at issue in that state.

## THIRD AFFIRMATIVE DEFENSE

### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over Plaintiff's claims, and rendering venue in this Court improper.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls and messages at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FIFTH AFFIRMATIVE DEFENSE

### (No Use of an "Automatic Telephone Dialing System")

The TCPA claims are barred because Charter did not use an "automatic telephone dialing system" as defined in the TCPA. Indeed, Charter did not use a telephone dialing system with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands. For example, Plaintiff cannot assert claims

under the TCPA against Charter to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Charter did not engage in knowing or willful misconduct. For example, Charter does not knowingly or willfully employ an automatic telephone dialing system and only sends messages to numbers of persons who consent to such messages.

### TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Charter did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third-parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Charter because any harm allegedly caused by messages at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Charter, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

### TWELFTH AFFIRMATIVE DEFENSE

**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Charter cannot be held vicarious liable.  Further, Charter did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope or in violation of the parties' agreements and Charter did not approve of that conduct.  As such, Charter cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(First Amendment)**

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Charter, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(No "Call")**

Charter did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227 (b)(1)(A).

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(No Charge)**

Plaintiff was not "charged for the call" with respect to the messages at issue in this lawsuit, as that term is used in the TCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Charter from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Substantial Compliance with Laws)**

Charter is not liable to Plaintiff because Charter acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because Charter has established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

Any and claims brought in the Complaint are barred because Charter possessed a good faith belief that it had consent to message the numbers at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Join Party or Name Proper Defendant)

Any and claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Wireless Carrier Exemption)

Plaintiff and the putative class members' TCPA claims are barred, in whole or in part, to the extent Charter was acting in its capacity as a wireless carrier.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Charter gives notice that in the event that this Court certifies a class, which Charter denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Charter has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Charter reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Charter prays for judgment as follows:

1. That Plaintiff take nothing from Charter by reason of this Complaint and that judgment be entered in favor of Charter;
2. For dismissal of the Complaint with prejudice;
3. That the Court award Charter costs and reasonable attorneys' fees;
4. For such other relief as the Court deems just and proper.

DATED:     March 19, 2020.

    */s/ Ryan D. Watstein*
Ryan D. Watstein (admitted *pro hac vice*)
rwatstein@kcozlaw.com
Adamson B. Starr (admitted *pro hac vice*)
astarr@kcozlaw.com

**KABAT CHAPMAN & OZMER LLP**
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300

and

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
**ROBINSON & COLE LLP**
1055 Washington Boulevard
Stamford, CT 06901
800-762-7826
203-462-7599 (fax)

*Counsel for Defendant*
*Charter Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2020, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein