# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>      Defendant. | Civil Action No. 3:20-cv-00150-RNC<br><br>**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING** |

<u>Date Complaint Filed</u>:  February 3, 2020

<u>Date Complaint Served</u>:  February 10, 2020

<u>Date of Defendant's Appearance</u>:  February 24, 2020

  Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on March 25, 2020.  The participants were:  Philip L. Fraietta, Joseph I. Marchese, Frank S. Hedin, and James J. Reardon for Plaintiff, and Adamson B. Starr and Matthew A. Keilson for Defendant Charter Communications, Inc. ("Charter" or "Defendant").

 **I.** **Certification**

  Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II.   Jurisdiction

### A.   Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.  Charter does not contest subject matter jurisdiction at this time.

### B.   Personal Jurisdiction

<u>Plaintiff's position</u>:  The Court has personal jurisdiction over Defendant because Defendant maintains its headquarters and principal place of business in Stamford, Connecticut.

<u>Defendant's position</u>:  Charter does not contest personal jurisdiction.

## III.   Brief Description of Case

### A.   Plaintiff's Claims

The Complaint alleges that Defendant sent autodialed text messages to Plaintiff's cellular telephone number and the cellular telephone numbers of numerous other consumers without the requisite prior "express consent" in violation of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. 227.  The Complaint seeks statutory damages and injunctive relief on behalf of the proposed class.

Plaintiff identifies the following legal issues underlying the claims in this action: (1) whether Defendant's text messages were transmitted using an "automatic telephone dialing system"; (2) whether Defendant can meet its burden of establishing Plaintiff's "prior express consent" to receive such messages, assuming such an affirmative defense is raised; (3) the amount of statutory damages, if any, for which Defendant is liable; and (4) whether Plaintiff's claims are appropriate for class-wide treatment pursuant to Rule 23.

### B.   Defendant's Defenses

Charter never sent or authorized any autodialed texts, let alone any autodialed texts that

would violate the TCPA. Charter only permits texts of the type at issue in this case to be sent to numbers provided by its subscribers, who agree that Charter may text such numbers. In line with this practice, the phone number at issue was provided to Charter by a Charter customer, and a vendor (not Charter) sent text messages to that number with equipment that does not constitute an ATDS. And even assuming this was not the case, Charter is permitted to cause messages to be sent to numbers provided by customers under the wireless carrier exemption in 47 U.S.C. § 227(b)(1)(A)(iii) and corresponding FCC guidance, which applies here. *See, e.g.*, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd 8752 (1992). Further, certification of any of the putative "wrong number" classes is not appropriate here. Doc. 1 at ¶ 14 (indicating this is a purported "wrong number" TCPA case). Among other reasons, questions of consent could not be resolved without hundreds of thousands of individualized inquires.

      **C.**    **Defenses and Claims of Third-Party Defendant(s):**

Not applicable.

**IV.**    **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

    a.    Plaintiff's only phone number at issue in this case is 727-XXX-7106;

    b.    Plaintiff is a resident of Florida;

    c.    Plaintiff received all of the text messages referenced in the Complaint while in Florida;

    d.    Charter's corporate headquarters is located in Stamford, Connecticut.

V.    **Case Management Plan**.

    A.    **Initial Disclosures**

Initial disclosures will be served by **April 22, 2020**.

    B.    **Scheduling Conference**

    a.    The parties **do not request** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    b.    The parties prefer that a scheduling conference, if held, be conducted **by telephone**.

    C.    **Early Settlement Conference**

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is **unlikely** at this time.

2.    The parties do **not** request an early settlement conference.

3.    The parties prefer a settlement conference, when such a conference is held, with: Not applicable.

4.    The parties do **not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.    **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    a.    Plaintiff should be allowed until **May 1, 2020** to file motions to join additional parties and until **May 1, 2020** to file motions to amend the pleadings.

    b.  Defendant should be allowed until **May 1, 2020** to file motions to join additional parties.

**E. Discovery**

    a.  Recognizing the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

<u>Plaintiff's Position</u>:  Plaintiff has already served first sets of requests for production and interrogatories to Defendant.  At this time, Plaintiff believes the default deposition, interrogatory, and other discovery limits under the Federal Rules are sufficient for this case.

Plaintiff will require discovery into the following non-exhaustive topics: (1) whether Defendant's text messages were transmitted using an "automatic telephone dialing system"; (2) whether Defendant can meet its burden of establishing Plaintiff's "prior express consent" to receive such messages, assuming such an affirmative defense is raised. Plaintiff has identified, based on her initial assessment of the case, the following subjects on which discovery may be necessary:

- Copies of all applicable insurance policies;
- Confirmation of the number of text messages sent;
- Defendant's dialing system.

Plaintiff will oppose Charter's motion to stay on or before April 23, 2020. (ECF No. 35). Numerous courts across the country have denied similar motions to stay TCPA cases pending the Supreme Court's decision in *AAPC*.  *See, e.g.*, *Lundbom v. Schwan's Home Service, Inc.*, Case No. 3:18-cv-02187-IM (D. Ore. Mar. 23, 2020); *Bakov v. Consolidated World Travel,* No. 15-cv-2980

(N.D. Ill. Feb. 27, 2020).

Defendant's Position: On March 19, 2020, Charter filed a motion to stay this case pending the potentially dispositive decision by the Supreme Court in *AAPC*, which is set to decide this term whether the TCPA provision on which Plaintiff's case is based (the "automated call ban") violates the First Amendment and, if so, what the proper remedy is.[1] Doc. 31. Given the possibility that *AAPC* will invalidate the automated call ban, if this action is not stayed, Charter would be prejudiced by incurring substantial costs that may end up being wholly unnecessary. This potential prejudice is compounded by the fact there are two other related cases premised on the same automated-call ban currently pending in this District. *See Carlier v. Charter Communications, Inc.*, No. 3:20-cv-00266-CSH (filed Feb. 26, 2020) and *Darby v. Charter Communications, Inc.*, No. 3:20-cv-00150-CSH (filed Feb. 21, 2020).[2] As in this case, Charter already moved to stay *Carlier*. *Carlier*, No. 3:20-cv-00266 at Doc. 18. Charter was just recently served in *Darby*, and Charter intends to file a motion to stay pending *AAPC* in that case too.

Courts across the country have stayed TCPA cases pending *AAPC*. *See, e.g.*, *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, Doc. 16 (N.D. Ohio Mar. 19, 2020) (granting motion to stay pending *AAPC*); *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188, 2020 WL 905844, at *1 (E.D. Mo. Feb. 25, 2020) (same); *Wright v. EXP Realty, LLC*, No. 6:18-CV-01851, Doc. 99,

---

[1] When Charter filed its Motion to Stay, it noted that there were two pending appeals that concerned the definition of an ATDS within the Second Circuit. *See Kloth-Zanard v. Bank of America*, No. 19-2043 and *La Boom Disco, Inc. v. Duran*, No. 19-600. On April 7, 2020, the Second Circuit issued its decision in *La Boom Disco*, thereby resolving that secondary issue in the Motion to Stay. *See La Boom Disco, Inc. v. Duran*, No. 19-600, Order, Doc. 49 (2d. Cir. April 7, 2020). That does not, however, have bearing on the central basis for Charter's motion, the pending *AAPC* decision in the United States Supreme Court.

[2] In accord with Local Rule 40, on March 16, 2020, Charter marked all three cases as related in a notice filed in the *Carlier* matter. *See* No. 3:20-cv-00266-CSH, Doc. 16; *see also* D. Conn. Civ. L.R. 40(b)(1)(a) ("In the event . . . there is pending in this District a related case assigned to a different Judge, the later-filed case should normally be transferred to the Judge having the earliest filed case that remains pending.").

6

p.2 (M.D. Fla. Feb. 7, 2020) (same); *Perrong v. Liberty Power Corp, LLC*, 1:18-cv-00712-MN (D. Del. Mar. 6, 2020) (same, via minute entry).

As such, Charter requests that the Court refrain from entering a discovery schedule at this time, and instead temporarily stay this case pending resolution of Charter's motion to stay. Thereafter, Charter proposes that the parties meet and confer and submit a scheduling order to the Court within fourteen (14) days of: (a) a ruling on Charter's Motion to Stay (if it is denied); or (b) a ruling in *AAPC* (if Charter's motion is granted). If the Court declines to temporarily stay this case pending a ruling on Charter's pending motion to stay, Charter proposes the phased discovery schedule outlined below.

      b.    The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's position: Plaintiff anticipates that discovery will be needed on at least the following subjects: (1) Defendant's use of an automatic telephone dialing system to text consumers; (2) Defendant's failure to obtain prior express written consent before texting consumers; (3) Defendant's procedures for complying with the TCPA; (4) the identities of consumers improperly contacted by Defendant, including Defendant's text logs; and (5) Defendant's customer records.

Defendant's position: Charter anticipates no discovery will be necessary following the Supreme Court's ruling in *AAPC*, because Charter anticipates the Supreme Court will invalidate the provision on which Plaintiff's claims rest. Assuming that *AAPC* does not end this case, however, discovery will be needed on at least the following subjects: (a) whether plaintiff was charged for the text messages at issue; (b) why Plaintiff filed suit in Connecticut, given he is a Florida resident; (c) the functionality of the system used to send the messages at issue; (d) whether

7

Charter can be vicariously liable for messages sent by a vendor; and (e) testimony, electronic data, records, and third-party records relevant to the other facts and defenses in this case.

        c.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by:

<u>Plaintiff's position</u>: **February 26, 2021**.

<u>Defendant's position</u>: **February 26, 2021**.

Plaintiff proposes the following schedule:

- Fact discovery deadline: November 20, 2020;
- Deadline to move for class certification: December 18, 2020;
- Opening expert disclosure deadline: December 18, 2020;
- Rebuttal expert disclosure deadline: January 15, 2021
- Expert discovery deadline: February 26, 2021;
- Dispositive motion deadline: TBD after class certification;
- Pretrial conference: TBD after class certification; and
- Trial to commence: TBD after class certification.

Defendant proposes the following schedule:

- See chart in next section below.

        d.      The parties **disagree** as to whether discovery will be conducted in phases.

<u>Plaintiff's position</u>: Plaintiff believes phasing is inappropriate and inefficient in this case. Plaintiff's individual claim does not present any unique defenses, and there is no question that Plaintiff's individual claim has substantial merit. The January 14, 2020 text message sent to Plaintiff (the first of the two alleged in the Complaint) included the following FedEx tracking number: 151745984576. Compl. ¶ 14. By tracking that number on FedEx's website, one can see that the package was delivered to an individual named "C. Hernandez," not Plaintiff.[3] Thus, it is apparent that Plaintiff did not "expressly consent" to receive these messages.

---

[3] https://www.fedex.com/apps/fedextrack/index.html?tracknumbers=151745984576&cntry_code=us.

Additionally, the issue of whether Defendant sent the text messages using an ATDS is not isolated to Plaintiff's claim. Nor are any of the other defenses Defendant describes below. Rather, each of Charter's planned defenses is capable of class-wide resolution with common proof.

Defendant's position: If the Court declines to stay this matter in light of *AAPC*, Charter respectfully requests the Court enter the phased discovery schedule below. Under that schedule, the first one hundred twenty (120) days of discovery will be limited to the merits of Plaintiff's individual claim, after which Charter will be permitted (but not required) to file an early, targeted summary judgement motion, which will be decided before class discovery takes place.

A phased schedule is equitable, efficient, and appropriate here. First, because the case can be summarily decided on the question of whether Charter sent Plaintiff texts using an ATDS and whether the texts at issue were subject to the wireless carrier exemption, phased discovery will prevent costly and unjustified class discovery, the burden of which will fall entirely on Charter and third parties, not Plaintiff. Second, a phased schedule will neither prejudice the parties, nor result in unnecessary discovery disputes. To the contrary, addressing threshold issues before proceeding with expensive class discovery will streamline this matter and obviate the need for the Court to police discovery disputes that will likely arise from overbroad discovery. Indeed, as Plaintiff notes above, "the issue of whether Defendant sent the text messages using an ATDS is [allegedly, according to Plaintiff] not isolated to Plaintiff's claim." Thus, according to Plaintiff, this means that early resolution of whether the couple messages sent to Plaintiff were sent with an ATDS (and Charter's other defenses, such as the wireless carrier exemption) could end this case entirely and avoid the expensive and contentious class certification discovery, which generally involves experts and mass subpoenas to cellular carriers, among other third-party discovery. That

9

is precisely Charter's point and precisely why it requests a phased discovery schedule: to determine whether Plaintiff has a viable claim before permitting this type of discovery.

Defendant therefore proposes the following schedule:

| Event | Defendant's Proposal |
|---|---|
| Deadline to amend pleadings and join parties | **May 1, 2020** |
| End of initial discovery period on Plaintiff's individual claims, after which Charter is permitted (but not required) to file an individual summary judgment motion, which will be decided before class discovery takes place. | **August 28, 2020** |
| Non-expert discovery deadline, including fact witness depositions | **January 19, 2021** |
| Deadline to move for class certification[4] | **March 1, 2021** |
| Defendant's opposition to motion for class certification | **April 13, 2021** |
| Expert report for the party (Plaintiff) with the burden of proof | **February 16, 2021**, with depositions to be completed by **April 27, 2021** |
| Rebuttal (Defendant's) expert report deadline | **March 16, 2021**, with depositions to be completed by **May 11, 2021** |
| Expert discovery deadline | **April 27, 2021** |
| *Daubert* motion deadline | **May 27, 2021** |
| Dispositive motion deadline | **60 days after the Court's ruling on class certification**, or, if a class is certified, **15 days after the opt-out period closes**. Defendant may also file an early summary judgement on Plaintiff's individual claims. |
| Pretrial conference | To be determined, if necessary, after ruling on dispositive motion(s) |
| Joint trial memorandum | **90 days** following a decision on all summary judgment motions. |
| Trial | To be determined, if necessary, at pretrial conference. |

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by:

---

[4] To the extent Charter files a summary judgment motion on Plaintiff's individual claim, the parties agree to submit a revised scheduling order permitting Plaintiff additional time to move for class certification after the Court rules on summary judgment, if necessary.

10

Plaintiff's Position:   If discovery is conducted in phases, Plaintiff believes it should be completed by September 30, 2020, in light of the disruptions caused by the ongoing COVID-19 pandemic.  If discovery is conducted in phases, Plaintiff reserves the right to file an affirmative motion for summary judgment on his individual claims.

Defendant's Position: If the Court declines to briefly stay this matter pending resolution of Charter's motion to stay, Charter respectfully requests it enter the phased discovery schedule proposed in the section immediately above.  That schedule will allow the parties to determine whether Plaintiff has a viable individual claim against Charter (and thus whether he can act as a class representative) before burdensome and expensive class discovery commences, the expense of which Charter and third parties will almost exclusively bear.  Under that schedule, the first 120 days are limited to the merits of Plaintiff's individual claim, after which Charter will be permitted to file an individual summary judgment motion.

      f.     At this juncture, it is difficult to estimate the number of fact depositions that the parties will require.  Thus, each party reserves its right to take up to 10 depositions of fact witnesses.

      g.     The parties will **not** request permission to serve more than 25 interrogatories.

      h.     Plaintiff **intends** to call expert witnesses at trial.  Defendant **intends** to call expert witnesses at trial.

      i.     Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by: See proposed schedule above.

   j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by: See proposed schedule above.

   k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 18, 2020**.

   l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and production such information. The parties are in the process of negotiating an ESI protocol for this case and are considering submitting an ESI protocol for the Court's approval to govern these issues.

   m. Undersigned counsel have also discussed the location, volume, organization, and costs of retrieval of information stored in paper and other non-electronic forms. The parties agree to preserve all such materials to the full extent required by law. The parties will also submit a stipulated protective order for the Court's approval to govern the production of confidential information.

   n. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting

privilege claims after production. These procedures will be enumerated in the Parties' ESI protocol and/or stipulated protective order.

### F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case:

Plaintiff's position: As explained here, Plaintiff opposes Charter's request to stay this case and believes a discovery schedule should be entered.

Defendant's position: Charter respectfully requests that the Court refrain from entering a scheduling order and briefly stay this case pending a ruling on Charter's motion to stay, Doc. 31. If the Court declines to do so, Charter respectfully requests that the Court phase discovery, as requested above.

### G. Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before:

Plaintiff's Position: **TBD after the Court's ruling on class certification. If discovery is phased, within 30 days after Phase I discovery.**

Defendant's Position: **60 days after the Court's ruling on class certification**, or, if a class is certified, **15 days after the opt-out period close**s. Charter also anticipates filing a summary judgement as to Plaintiff's individual claims after the first phase of discovery is completed, which Charter anticipates will end the case and the need for further discovery on class issues.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

Cases will be filed by **90 days** following a decision on all summary judgment motions.

## VI. Trial Readiness

The case will be ready for trial by **60 days** following the submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: April 8, 2020.

| | |
|---|---|
| **BURSOR & FISHER, P.A.** | **KABAT CHAPMAN & OZMER LLP** |
| /s/ *Philip L. Fraietta* | /s/ *Ryan D. Watstein* |
| Philip L. Fraietta (*pro hac vice*) | Ryan D. Watstein (*pro hac vice*) |
| pfraietta@bursor.com | rwatstein@kcozlaw.com |
| Joseph I. Marchese* | Adamson B. Starr (*pro hac vice*) |
| jmarchese@bursor.com | astarr@kcozlaw.com |
| 888 Seventh Avenue | 171 17th Street NW, Suite 1550 |
| New York, New York 10019 | Atlanta, Georgia 30363 |
| Telephone: + 1 (646) 837-7150 | 404-400-7300 |
| Facsimile: + 1 (212) 989-9163 | 404-400-7333 (fax) |
| | |
| Frank S. Hedin* | **ROBINSON & COLE LLP** |
| fhedin@hedinhall.com | |
| David W. Hall* | Brian E. Moran |
| dhall@hedinhall.com | Connecticut Bar No. ct05058 |
| **HEDIN HALL LLP** | bmoran@rc.com |
| 1395 Brickell Avenue, Suite 1140 | Trevor L. Bradley |
| Miami, Florida 33131 | Connecticut Bar No. ct29993 |
| Telephone: + 1 (305) 357-2107 | tbradley@rc.com |
| Facsimile: + 1 (305) 200-8801 | 1055 Washington Boulevard |
| | Stamford, CT 06901 |
| James J. Reardon, Jr. | 800-762-7826 |
| james.reardon@reardonscanlon.com | 203-462-7599 (fax) |
| **REARDON SCANLON LLP** | |
| 45 S. Main Street, 3rd Floor | *Counsel for Defendant* |
| West Hartford, Connecticut 06110 | |
| Telephone: + 1 (860) 955-9455 | |
| Facsimile: + 1 (860) 920-5242 | |
| * *Pro Hac Vice Application Forthcoming* | |
| | |
| *Counsel for Plaintiff and the Putative Class* | |