**EXHIBIT A**

```
 1            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   ANGEL BAKOV, Individually and  )
     on behalf of all others        )
 4   similarly situated,            )
                                    )
 5                  Plaintiffs,     )
     -vs-                           ) Case No. 15 CV 2980
 6                                  )
                                    ) Chicago, Illinois
 7   CONSOLIDATED WORLD TRAVEL, a   ) February 27, 2020
     Florida corporation, et al.,   ) 9:43 a.m.
 8                                  )
                    Defendants.     )
 9                                  )

10              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE HARRY D. LEINENWEBER
11
     APPEARANCES:
12
     For the Plaintiffs:   MR. KYLE A. SHAMBERG
13                         Carlson Lynch LLP
                           111 West Washington Street
14                         Suite 1240
                           Chicago, IL  60602
15                         (312) 750-1592
                           E-mail: Kshamberg@carlsonlynch.com
16
                           MS. SARAH N. WESTCOT
17                         MR. YITZCHAK KOPEL
                           Bursor & Fisher, P.A.
18                         1990 N. California Boulevard
                           Suite 940
19                         Walnut Creek, CA 94596
                           (925-300-4455
20                         E-mail:  Swestcot@bursor.com
                                    Ykopel@bursor.com
21   Court Reporter:

22         KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                    Official Court Reporter
23                United States District Court
            219 South Dearborn Street, Suite 1426
24                   Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
25            Kathleen_Fennell@ilnd.uscourts.gov
```

```
 1  APPEARANCES:   (Continued)

 2  For the Defendants:     MR. TIMOTHY A. HUDSON
                            Tabet DiVito Rothstein
 3                          209 South LaSalle Street
                            7th Floor
 4                          Chicago, IL  60604
                            (312) 762-9450
 5                          E-mail: Thudson@tdrlawfirm.com

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|   |   |
|---|---|
| | 1    (Proceedings heard in open court:) |

```
                 (Proceedings heard in open court:)
                         THE CLERK:  15 C 2980, Bakov versus Consolidated
           World.
                         THE COURT:  Good morning.
09:43:53           MR. SHAMBERG:  Good morning, Your Honor.  Kyle
           Shamberg for plaintiffs and class.
                         MR. KOPEL:  Good morning, Your Honor.  Yitzchak Kopel
           for plaintiffs and the class.
                         MS. WESTCOT:  Good morning, Your Honor.  Sarah
09:44:02   Westcot for the class.
                         MR. HUDSON:  Good morning, Your Honor.  Tim Hudson,
           local counsel on behalf of defendant Consolidated World
           Travel.
                         THE COURT:  All right.  There's been a motion by
09:44:09   Consolidated Travel for reconsideration and a motion to stay
           and a notice of supplemental authority, and plaintiffs'
           opposition to the motion for reconsideration of the Court's --
           so the Court's prepared to rule on some of the issues.
                         Defendant recently filed a motion asking the Court to
09:44:35   stay this case until the Supreme Court has ruled on Barr v.
           American Association of Political Consultants.  For the
           following reasons the motion is denied.
                         The Barr case concerns a section of the Telephone
           Consumer Protection Act exempting automated calls made to
09:44:51   collect on debts owed to or guaranteed by the United States.
```

The question is whether the section is a free speech violation. The Fourth Circuit found that it was and found that the clause, which Congress added to the TCPA in 2015, was severable from the rest of the statute. The Supreme Court granted cert.

Although that particular provision was not at issue in this case, defendants argue that there is a chance that the Supreme Court will invalidate the entire TCPA or that the proscription on using prerecorded voices will be affected in a way that renders this case moot. That likelihood, defendant argues, warrants a stay. Plaintiff responds that Congress added the disputed TCPA provision relatively recently, and that every appellate court to rule on the debt collection clause's constitutionality has found that it was severable from the rest of the statute. Further, plaintiff notes that the separate provision of the TCPA, see 47 U.S. Code Section 608, creates a strong presumption in favor of severability. Congress has written its preference for severability into the statutory text and, accordingly, the likelihood the entire TCPA will be invalidated is low.

Finally, plaintiffs argue that given the procedural posture of the case, a stay would harm the class.

The Court has the inherent power to manage its own docket. See *Landis v. North American Company*. Defendants have submitted supplemental authority demonstrating that some

1 other courts have stayed their actions pending the Supreme
2 Court decision, but this supplemental authority is not
3 convincing.  The 2015 debt collection provision is narrow and
4 not implicated in this case.  Therefore, whether it is upheld
5 or severed does not affect these proceedings.  Only a seismic
6 shift, such as invalidation of the TCPA, would affect this
7 case, and the plaintiffs convincingly dispute that despite
8 defendants' assertions, such a shift would still not moot this
9 case.

10 Further, continuing this case rather than staying it
11 will consume some resources.  But because the Court decided
12 the most outstanding significant issues in its recent summary
13 judgment opinion, not nearly as much remains to be done.
14 Judicial economy is always a concern, but the Court finds that
15 the very small likelihood of a fundamental shift in TCPA law
16 does not outweigh everyone's interest, including the
17 plaintiffs' and the Court's, in continuing apace.  Thus, the
18 Court will continue this case.  Accordingly, the defendants'
19 motion to stay is denied.

20 Regarding the motion to reconsider, the Court has
21 considered both defendants' motion and plaintiffs' response
22 and will take the motion under advisement.  No reply is
23 needed, and the parties shall not file any further briefing
24 unless so directed by the Court.  The Court will rule by mail
25 on the outstanding motion for reconsideration.

09:47:49

1 While the motion for reconsideration is pending, the
2 Court will move forward with the distribution plan, okay?
3 Thank you.
4 MR. KOPEL: Thank you, Your Honor.
5 MS. WESTCOT: Thank you.
6 MR. HUDSON: Thank you, Your Honor.
7 (Which were all the proceedings heard.)
8 CERTIFICATE
9 I certify that the foregoing is a correct transcript from
10 the record of proceedings in the above-entitled matter.
11 */s/Kathleen M. Fennell*        *March 2, 2020*
12 _____        _____
   Kathleen M. Fennell                   Date
13 Official Court Reporter