IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR PRE-FILING CONFERENCE**

Pursuant to this Court's chambers practices, Plaintiff Daniel Rease ("Plaintiff") hereby submits this response to Defendant Charter Communications, Inc.'s ("Defendant") Motion for Pre-Filing Conference, ECF No. 43 (the "Motion").

Defendant's Motion should be denied for several reasons, least of which is the *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) ("*AAPC*") opinion itself. In *AAPC*, the Supreme Court explicitly held:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate. See Reply Brief 24. <u>On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction</u>.

*AAPC*, 140 S. Ct. at 2355 n.12 (emphasis added); *id.* at 2351 ("[T]he presumption [of severability] manifests the Judiciary's respect for Congress's legislative role by keeping courts from unnecessarily disturbing a law apart from invalidating the provision that is unconstitutional."); *id.* at 2355 ("The government-debt exception is a relatively narrow exception

to the broad robocall restriction, and severing the government-debt exception does not raise any other constitutional problems). In other words, the Supreme Court explicitly held that their decision did not retroactively render the autodialer provision of the Telephone Consumer Protection Act ("TCPA") unconstitutional. This language renders Defendant's Motion frivolous.

For the foregoing reasons, Defendant's Motion should be denied.

Dated: August 19, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  /s/ Philip L. Fraietta
        Philip L. Fraietta

Joseph I. Marchese*
Philip L. Fraietta (*Pro Hac Vice*)
888 Seventh Avenue, Third Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com
            pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: fhedin@hedinhall.com
           dhall@hedinhall.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 S. Main Street, 3rd Floor
West Hartford, Connecticut 06110
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

*\* Pro Hac Vice Forthcoming*
*Counsel for Plaintiff and the Putative Class*

CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2020, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ James J. Reardon, Jr.
James J. Reardon, Jr.