**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY TO OPPOSITION TO MOTION FOR PRE-FILING CONFERENCE**

Plaintiff's opposition to Charter's motion for a pre-filing conference regarding the motion for judgment on the pleadings Charter intends to file is both procedurally and substantively meritless.

*First*, Plaintiff, perhaps evidencing apprehension at the substance of the motion, treats the motion for a ***pre-filing conference*** as an opportunity to attack the merit of a motion that has not been filed yet. This is procedurally inappropriate because the substance of the motion was not (nor is it required to be) briefed in the motion for a pre-filing conference. Rather, the motion was simply a notice to the Court, consistent with the Court's specified pretrial preferences, that parties "request a pre-filing conference before filing motions to dismiss or for summary judgment." The purpose of this procedure, as the Court clearly articulates, is "to encourage lawyers to discuss the proposed motion in much the same way lawyers are now accustomed to discussing discovery disputes before submitting them to court." Plaintiff, evidently, is not interested in conferring. Accordingly, the Court should simply waive its requirement of a conference prior to filing.

*Second*, as argued in the attached draft of the motion for judgment on the pleadings, Plaintiff's argument that *AAPC* "***explicitly held*** that [it] did not retroactively render the autodialer

provision of the [TCPA] unconstitutional" (emphasis added) is objectively wrong, several times over.  *First*, the language quoted by Plaintiff is from one sentence in a footnote; the Supreme Court's "explicit holdings" are not contained in one-sentence footnotes.  *Second*, the footnoted language is the plurality dicta of three justices.  So by definition, it cannot be an "explicit holding," as Plaintiff wrongly contends.  *Third*, the non-binding plurality footnote can only reasonably be interpreted as applying only to adjudicated TCPA judgments, given the majority holding in *AAPC*, other long-standing Supreme Court precedent discussed in the motion, and the Supreme Court's decision in *Selia Law v. CFPB*, 140 S. Ct. 2183 (2020), which was decided by the same plurality just a week before *AAPC*.  Indeed, Charter anticipated Plaintiff's exact argument and therefore spends an entire section explaining these exact points in painstaking detail in the attached draft motion.

Accordingly, based on the foregoing, Charter respectfully requests that the Court grant its motion for a pre-filing conference, or alternatively, waive the requirement for such a conference prior to its filing the attached motion for judgment on the pleadings.

**KABAT CHAPMAN & OZMER LLP**

*/s/ Ryan D.  Watstein*
Ryan D.  Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)
*Counsel for Defendant Charter Communications, Inc.*

**ROBINSON & COLE LLP**

Brian E.  Moran
Connecticut Bar No.  ct05058
bmoran@rc.com
Trevor L.  Bradley

                                          Connecticut Bar No.  ct29993
                                          tbradley@rc.com
                                          1055 Washington Boulevard
                                          Stamford, CT  06901
                                          203-462-7500
                                          203-462-7599 (fax)

## **CERTIFICATE OF SERVICE**

I certify that today I electronically filed this ***REPLY TO OPPOSITION TO MOTION FOR PRE-FILING CONFERENCE*** with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: August 19, 2020.

> */s/ Ryan D. Watstein*
> Ryan D. Watstein