**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S REPLY IN SUPPORT OF**
**<u>MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)</u>**

DATED: September 30, 2020

*/s/ Ryan D. Watstein*
**KABAT CHAPMAN & OZMER LLP**
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

**TABLE OF CONTENTS**

II.   INTRODUCTION ..................................................................................................1

III.  ARGUMENT ........................................................................................................2

    A.   Plaintiff Concedes That Personal Jurisdiction and Venue Were Proper in Florida At the Time of Filing. ...............................................................................2

    B.   All Relevant Factors Favor Transfer.....................................................................2

        1.   Plaintiff's Choice of Forum is Entitled to Little Deference.....................2

        2.   The Convenience of Parties and Witnesses Favors Transfer....................3

        3.   Transfer Is Also Warranted Considering the Ability to Compel Attendance of Unwilling Witnesses. ........................................................5

        4.   The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Support Transfer. ......................................................7

        5.   The Locus of Operative Facts Is in Florida. ............................................7

        6.   The Relative Means of the Parties Also Supports Transfer......................9

        7.   Trial Efficacy and The Interests of Justice Favor Transfer. .....................9

IV.  CONCLUSION ...................................................................................................10

I.      **INTRODUCTION**

Plaintiff's Response confirms that, to the extent the Court does not dismiss this case for lack of subject matter jurisdiction, it should transfer the case to the Middle District of Florida. Initially, Plaintiff does not dispute that personal jurisdiction and venue exist in the Middle District of Florida, thus satisfying the first part of this Court's inquiry. Nor does Plaintiff dispute the majority of material facts confirm that each relevant factor—Plaintiff's choice of forum, the convenience of the Parties and witnesses, the availability of process, the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, the relative means of the Parties, and trial efficacy and the interests of justice—favors transfer.

Specifically, Plaintiff does not dispute that he is a Florida resident, that he initiated this action after allegedly receiving text messages in Florida on his Florida phone number, and that he complained about them in Florida. Plaintiff also does not dispute that the text messages were intended for a Florida subscriber of Spectrum Mobile—a company neither incorporated nor headquartered in Connecticut—and that Plaintiff received these messages because a Florida-based Spectrum Mobile representative input the 7106 Number into Spectrum's system. Plaintiff also does not offer any evidence to dispute that Charter—the named Defendant—neither sent the message at issue, nor contracted with the relevant vendor, nor employed any relevant personnel.

Instead of addressing any of these critical facts, Plaintiff misstates record evidence, and relies on speculation, conjecture, hyperbole, and conclusory allegations in an effort to confuse the issues. However, Plaintiff fails to overcome Charter's showing that transfer is warranted. Indeed, Plaintiff offers no evidence whatsoever of: (1) any conduct underlying this action that occurred in Connecticut; (2) any party or non-party witnesses located in Connecticut; (3) any relevant documents located in Connecticut; (4) any party or non-party that would be inconvenienced by a transfer to the Middle District of Florida; (5) any connection between Charter and Spectrum Mobile sufficient to justify litigating allegations pertaining to Spectrum Mobile in Connecticut; or (6) any other basis for litigating Florida-based conduct and a Florida-based dispute in Connecticut.

Accordingly, and as shown in more detail in Charter's Motion and below, should the Court

1

decline to dismiss the case outright based on lack of subject matter jurisdiction, the Court should transfer this case to the Middle District of Florida.

**II.    ARGUMENT**

    **A.    Plaintiff Concedes That Personal Jurisdiction and Venue Were Proper in Florida At the Time of Filing.**

Charter explained in its Motion (at 7) that Spectrum Mobile is subject to specific personal jurisdiction in Florida and that venue is appropriate in the Middle District of Florida. Plaintiff does not dispute this. *See generally* Dkt. 51. Accordingly, the first element of the Court's analysis is satisfied. *See Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 515 (D. Conn. 2011) (noting two-pronged analysis when considering transfer under § 1404(a)).[1]

    **B.    All Relevant Factors Favor Transfer.**

Similarly, Plaintiff's Response confirms that all relevant factors in this case favor transfer to the Middle District of Florida.

        ***1.    Plaintiff's Choice of Forum is Entitled to Little Deference.***

Charter showed (at 8) that Plaintiff's choice of forum is entitled to less deference because it is a nationwide putative class action. Plaintiff does not dispute this. *See* Dkt. 51 at 4. Further, Plaintiff's choice of venue is entitled to less deference because it is neither his home district, nor the place where the events or transactions underlying the action occurred. Dkt. 48 at 8 (citing *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81, 96 (S.D.N.Y. 1995)). Plaintiff's citation (at 4) to *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001), does not challenge this result. That case was not even considering a motion to transfer under Section 1404(a), but rather a motion to dismiss on *forum non conveniens* grounds, and it is factually inapposite. In *Iragorri*, the court considered the impact of the U.S.-resident plaintiffs' temporary residence in Bogota, Colombia on their choice of a U.S. forum in an action against U.S. companies, and noted that the deference to their choice of forum need not be necessarily lessened given the

---

[1]    *Gustavia Home, LLC v. Hoyer*, 362 F. Supp.3d 71, 86 (E.D.N.Y. 2019) ("a party 'concedes through silence' arguments made by its opponent that it fails to address").

2

legitimate concern about the ability to obtain jurisdiction over the defendant companies. 274 F.3d at 72–73. Here, by contrast, both Parties agree that personal jurisdiction exists over Charter in Plaintiff's home district—the Middle District of Florida.

Plaintiff's only proffered justification for suing in Connecticut is that it is Charter's—not Spectrum Mobile's—headquarters. But Plaintiff does not put forward any evidence establishing why this is relevant, and instead relies on conclusory, vague, and unsupported assertions that are contradicted by undisputed record evidence. For instance, Plaintiff falsely claims (at 4)—based on a material misrepresentation of the contents of the declaration submitted with Charter's Motion (at 2)—that Connecticut is where "Charter makes all decisions followed by its subsidiaries." However, the undisputed record evidence confirms only that Charter "performs certain business functions for its subsidiaries and affiliates" (Dkt. 48-1, ¶ 4)—not that Charter "makes all decisions" for its subsidiaries. Plaintiff offers no evidence concerning the location from which Charter actually conducts any particular business, nor how any such business is relevant to this lawsuit. Further, Plaintiff's vague supposition that Charter is "the only common nexus between" the unspecified "persons and entities nationwide" that Plaintiff alleges *could* be involved in this lawsuit is provably false, as the undisputed record evidence confirms Charter neither provided the services that were the subject of the text messages, sent the messages at issue, employed the relevant personnel, or contracted with the relevant vendor. *See* Dkt. 48 at 3–5. In short, Plaintiff's speculation and conclusory assertions are insufficient to resist transfer to the Middle District of Florida.

### 2. *The Convenience of Parties and Witnesses Favors Transfer.*

As shown in Charter's Motion (at 9), the second factor strongly favors transfer. Indeed, Plaintiff does not—because he cannot—dispute that it would be more convenient for him to litigate this case in his home district. *See generally* Dkt. 51 at 4–6. Nor does Plaintiff dispute that litigating in Florida would be easier for the witnesses in this case, including the Florida-based Spectrum Mobile representative who inadvertently entered the 7106 Number into Spectrum Mobile's system and the Florida-based Spectrum Mobile subscriber for whom the messages at issue were intended,

3

and who provided consent to receive communications in this case. *See generally* Dkt. 51 at 4–6; *see NetSoc, LLC v. LinkedIn Corp.*, No. 18-CV-12215 (RA), No. 18-CV-12267 (RA), 2020 WL 209864, at *4 (S.D.N.Y. Jan. 14, 2020) (factor favors transfer where "inconvenience posed—in expenses and day-to-day disruptions—in bringing . . . non-party witnesses to this district can be significantly minimized by transferring the case").

Because Plaintiff cannot dispute that it would be more convenient for the Parties and witnesses to litigate this case in the Middle District of Florida, he hyperbolically attacks the undisputed evidence as "laughably wrong" (at 4) and raises a technical argument, alleging that Charter has not identified any witnesses with sufficient specificity. Dkt. 51 at 4–5. But this argument is belied by Plaintiff himself, who later in his brief refers back to one of these witnesses.[2] Dkt. 51 at 5. Moreover, Charter has described in detail the testimony these witnesses can offer—namely, the circumstances surrounding the manner in which the 7106 Number was provided to and received by Spectrum Mobile—which will be material to the issue of consent.[3] This is more than sufficient information for the Court to balance the Parties' interests and find that this factor favors transfer—particularly because Plaintiff has not identified a *single* party or non-party witness that would be inconvenienced by transfer. *See, e.g.*, *LinkedIn Corp.*, 2020 WL 209864, at *3, *3 n.5 (factor favored transfer in patent suit where defendant identified "employees most knowledgeable about . . . accused technologies" who would "face the disruption of traveling across the country" if action not transferred, specifically noting general description provided "enough information to enable the trial court to balance the parties' interests") (citation omitted); *id.* at *4 (factor favored transfer where plaintiff "ha[d] not identified a single witness for whom keeping the action in [original] district would be more convenient" and did not "dispute the likely

---

[2]   Though not necessary for purposes of the instant Motion, Defendant cannot offer more specific information regarding the identity of the Spectrum Mobile subscriber at this time due to the protections from disclosure of subscriber information afforded by the Cable Privacy Act. *See* 47 U.S.C. 551(c)(1).

[3]   *See, e.g.*, *Lawrence v. Bayview Loan Serv., LLC*, 666 F. App'x 875, 880 (11th Cir. 2016) ("Accordingly, a consumer can orally revoke consent, and consent can be limited by the particular circumstances under which it was granted. But, it is equally clear that the provision of a mobile phone number, without limiting instructions, suffices to establish the consumer's general consent to be called under the TCPA.").

4

inconvenience for witnesses that [movant] described"); *Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 661 (E.D. Pa. 2002) (similar); *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001) (similar).[4]

The cases cited by Plaintiff do not require a different conclusion, and in fact one supports transfer here. In *Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 267 n.1 (S.D.N.Y. 1989), the court found this factor favored transfer where the moving party identified witnesses who were inconvenienced by the original forum along with "a very general indication of their role in the transaction at issue and thus, by implication, of their testimony." And *Kiss My Face Corp. v. Buntin*, No. 02CIV2645 (RCC), 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003) is inapposite, as the moving party there stated only that "Ms. Bunting and her employees will compromise the bulk of the defense witnesses" and did not "provid[e] more information about who these employee witnesses are and what each will testify to." (Citation and punctuation omitted). Here, both the identities of and testimony to be provided by the Spectrum Mobile subscriber who provided the 7106 Number and the Spectrum Mobile representative who spoke with the subscriber and entered the 7106 Number into Spectrum Mobile's system have been identified with far more specificity. Accordingly, this factor strongly favors transfer.

   3. ***Transfer Is Also Warranted Considering the Ability to Compel Attendance of Unwilling Witnesses.***

As Charter explained in its motion (at 10) and as Plaintiff does not dispute—and thus concedes—the vendor that transmitted the messages at issue is not subject to personal jurisdiction in this Court, but would be in the Middle District of Florida. Dkt. 51 at 7. This fact "weighs heavily" in favor of transfer to Florida, where all claims related to the allegations in Plaintiff's Complaint can be joined in a single action. Dkt. 48 at 10.

---

[4] *See also Diece-Lisa Indus., Inc. v. Disney Store USA, L.L.C.*, No. No. 2:12-cv-00400, 2020 WL 1332881, at *8–9 (E.D. Tex. March 23, 2020) (fact that "Plaintiff fail[ed] to engage as to the convenience for the specific witnesses that were identified in this case, and Plaintiff did not identify any relevant witnesses residing in [original forum]" favored transfer); *Corvenga v. Spectra Medical*, No. 12 C 4846, 2012 WL 5342364, at *3 (N.D. Ill. Oct. 29, 2012) (factor favored transfer where movant identified a specific witness in transferee forum and non-movant did not "identif[y] a single potential witness" in original forum and "provided no specifics in response").

Instead of addressing this fact, Plaintiff argues (at 7) transfer is not warranted because Defendant "did not provide evidence of unwilling witnesses that would require service of process to testify."[5] However, the non-binding cases cited by Plaintiff for this proposition are distinguishable. For example, in *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572 (S.D.N.Y. 2015), the witnesses identified by the defendant were current and former employees, which the court distinguished from "other non-party witnesses." 94 F. Supp. 3d 572 at 579–80. Here, neither Charter nor Plaintiff have identified any current or former Charter employees as witnesses. As noted previously, Charter did not employ the relevant personnel, and Spectrum Mobile is a separate company. Dkt. 48 at 4 n.4; Dkt. 48-1, ¶ 4. And in *NBA Properties, Inc. v. Salvino, Inc.*, No. 99 Civ. 11799 AGS, 2000 WL 323257, at *8 (S.D.N.Y. Mar. 27, 2000), the court made the evidentiary comment directly in response to the moving party's assertion that "retention of the action in [the original forum] would . . . make it impossible for its witnesses to appear"—an argument Charter does not make here.

Notably, Plaintiff does not identify a single witness to this action that this Court could compel to attend a trial, hearing, or deposition if necessary. *See generally* Dkt. 51 at 7. Further, Plaintiff does not dispute that the majority of non-party witnesses to this action reside in Florida, and thus cannot be compelled to attend trial, hearings, or depositions here—but could be compelled in the Middle District of Florida. *See* Dkt. 48 at 9–10. Where, as here, the transferee forum is the only forum that would be able to compel the attendance of identified witnesses in the event that they become unwilling to appear, this factor favors transfer. *LinkedIn*, 2020 WL 209864, at *4 n.6 (holding *possibility* that non-party witnesses refuse to appear weighed in favor of transfer to forum that could compel attendance); *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 746 (S.D.N.Y. 2013) (factor favored transfer even though "[n]either party concretely identifie[d] particular witnesses likely to present attendance challenges . . .

---

[5] Plaintiff's claim (at 7) that "Defendant's Motion stands for the opposite" is false. The language Plaintiff quotes says nothing about a willingness to voluntarily appear as a witness, and Plaintiff makes no proposal for determining with any degree of certainty whether a non-party witness will or will not voluntarily appear at a future trial.

because the key witnesses overwhelmingly live in or near [transferee forum, and thus,] it [was] more likely that any such situation would arise" if case not transferred).

### 4. *The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Support Transfer.*

As shown in Charter's Motion (at 11), the relevant documents and sources of proof are largely in Florida and all outside of Connecticut. Plaintiff does not dispute that access to these sources of proof would be easiest in Florida, as that would bring third-party witnesses and document sources within the subpoena enforcement power of the court. Dkt. 48 at 11. Instead, Plaintiff (at 6) ignores this argument and offers only conclusory speculation that "far more crucial information . . . is likely to be located in Connecticut where Defendant resides." But this statement is pure conjecture—Plaintiff offers no evidence whatsoever to support it or to rebut the evidence showing the records of the vendor who sent the messages at issue are maintained outside Connecticut. *See* Dkt. 48-2, ¶¶ 3–6. This argument is also belied by the evidence Charter has submitted to date, as the declarant who provided a statement in support of Charter's Motion was *not* located in Connecticut. *See* Dkt. 48-1 at 4. Nor does Plaintiff explain how any referenced documents would be relevant to this case, which involves communications from a Spectrum Mobile vendor related to a Florida Spectrum Mobile subscriber's account. And finally, Plaintiff's speculation is undercut by his own argument that documents could be easily transferred and thus made available in Florida even if they were relevant and located in Connecticut. Accordingly, Plaintiff has not overcome Defendant's showing that this factor favors transfer to the Middle District of Florida.

### 5. *The Locus of Operative Facts Is in Florida.*

Plaintiff does not dispute any of the facts establishing that the locus of operative facts here is in Florida: (1) the intended recipient of the messages at issue resides there; (2) the intended recipient provided his express consent to receive such communications to a Spectrum Mobile representative in Florida; (3) the 7106 Number was entered into Spectrum Mobile's system in Florida, at a Florida call center; and (4) Plaintiff received the messages at issue in Florida. *Cf.*

Dkt. 48 at 11–12, *with* Dkt. 51 at 6.  Despite conceding the foregoing, Plaintiff argues (at 6)—again without citing any evidence—that this factor is neutral because the "decision-making that led to Plaintiff's injury undoubtably occurred predominately in Connecticut, but could also have occurred in part in Virginia and Missouri."

Far from being "undoubtable," Plaintiff's claim is highly dubious as he has not offered any evidence to support it, and absent any evidence—not mere speculation regarding amorphous "decision-making" of unnamed individuals—contradicting Charter's showing, this factor favors transfer from Connecticut to the Middle District of Florida.  *See, e.g.*, *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 259–60 (E.D.N.Y. 2010) ("[O]ther than plaintiffs' conclusory allegations, there is no evidence that defendant's relevant conduct . . . occurred in this District. . . . Therefore, this factor favors transfer because none of the operative facts . . . occurred in this District, and at least some . . . facts . . . took place in [the transferee forum]."); *Farrior v. George Weston Bakeries Distribution, Inc.*, No. 08-CV-2705 JBF WDW, 2009 WL 113774, at *7 (E.D.N.Y. Jan. 15, 2009) (similar).  And even if Plaintiff had provided evidence of some relevant conduct occurring outside the Middle District of Florida, that alone would not render this factor neutral, as "not every occurrence relevant to the [Plaintiff's] case[] need have occurred in the transferee forum to make that forum the locus of operative facts."  *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 269 (D. Conn. 2012).

Plaintiff's citation (at 6) to *AL and PO Corp. v. American Healthcare Capital, Inc.*, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015), does not challenge that result, despite Plaintiff's best efforts to inflate the applicability of that case.[6]  There, the court was considering whether to transfer a TCPA action from Illinois, where the plaintiff received the facsimiles at issue, to California, where, according to defendant, their "business practices and decision-making all occurred."  *Id.* at *3.  Here, the undisputed evidence confirms Plaintiff received the messages at issue in Florida, and there is no evidence that any relevant conduct took place in Connecticut.

---

[6]    The "quotation" Plaintiff attributes to *American Healthcare Capital, Inc.*, does not appear in that case, nor did that case concern employees in "New Jersey, New York, and Oklahoma." 2015 WL 738694, at *3.

8

### 6. *The Relative Means of the Parties Also Supports Transfer.*

As Charter showed in its Motion, weighing the relative means of the Parties also supports transferring this case. Dkt. 48 at 12–13. Plaintiff does not dispute that he will not experience any financial hardship from transfer, and that transferring this case to Florida would be *more convenient* for him since he lives there; instead, Plaintiff attempts to distract from this concession by calling the analysis "contrived." *See* Dkt. 48 at 12–13; Dkt. 51 at 7–8. And while Plaintiff makes much of Charter's revenue and earnings in 2019, he cites no authority suggesting that a financially successful party must incur additional expense to litigate in a forum with no connection whatsoever to the underlying facts. Because Plaintiff concedes that he has the means to litigate this case in his home forum, this factor weighs in favor of transfer to the Middle District of Florida. *Farrior*, 2009 WL 113774, at *8 ("Because plaintiffs do not reside here, there is no apparent hardship to them from such transfer. Moreover, plaintiffs have been unable to identify a substantial hardship (financial or otherwise) that would be caused by the transfer.").

### 7. *Trial Efficacy and The Interests of Justice Favor Transfer.*

Finally, as shown in Charter's Motion (at 13–14), trial efficacy and the interests of justice favor transfer of this case to Florida for multiple reasons. Plaintiff argues (at 8) that transfer would "greatly hinder prosecuting this case" because there is "evidence in several different states," and from Connecticut, "Charter can most easily direct its disparate entities and affiliates." But, again, Plaintiff offers no evidence that Charter can centralize anything more easily for Plaintiff's counsel from Connecticut. Dkt. 51 at 8. Regardless, even if this were true (and there is no reason to believe it is), that it could be less convenient for Plaintiff's counsel to litigate in Florida because evidence is located in various states does not weigh against transfer, as "[t]he convenience of counsel is not the appropriate consideration on a motion to transfer." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 268 (D. Conn. 2012).

Plaintiff's arguments regarding the risks associated with COVID-19 are also unavailing. For instance, Plaintiff argues (at 8) that "COVID-related risks will persist regardless of venue" and that "[a]t least as many people, if not more, would have to travel to Florida from Connecticut,

9

Missouri, or Virginia, as would have to travel to Connecticut now." However, Plaintiff does not identify any of the "people" he claims will travel to Florida from Connecticut, Missouri, or Virginia (not even by category) and this ignores the three, specifically identified witnesses residing in Florida: Plaintiff, the Spectrum Mobile subscriber who provided the 7106 Number, and the Spectrum Mobile representative who entered the 7106 Number into the Spectrum Mobile system. It is for this reason that Plaintiff cannot dispute that Florida would be a safer venue, as it would require fewer witnesses to travel interstate. This is also why Plaintiff's comparison of COVID statistics between Florida and Connecticut is unavailing—it ignores the fact that in Florida, fewer witnesses will have to travel for trial, while continuing in Connecticut will require more witnesses to travel. Finally, Plaintiff's argument about video conferencing is a red herring, as he has requested a jury trial, and this District is conducting civil jury trials in person. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, General Order (D. Conn. July 14, 2020).

Finally, Plaintiff argues (at 9) that "the facts here are straightforward." This, Defendant agrees with, which is exactly why transfer is warranted: Connecticut bears no connection to this case, in contrast to Florida, where Plaintiff received and complained about the communications at issue, where the intended recipient of the messages resides, and where a Spectrum Mobile representative entered the 7106 Number into Spectrum Mobile's system. Accordingly, this factor favors transfer to Florida as well.

### III. CONCLUSION

For the foregoing reasons, and as shown in Charter's Motion, the Court should transfer this case from Connecticut—a forum with no connection to the facts of this case—to Florida—where Plaintiff lives, where the messages at issue were directed, and where Plaintiff received the messages at issue. This case could and should have been brought there originally, and all relevant factors show that transfer is proper under 28 U.S.C. § 1404(a).

10

| | |
|---|---|
| DATED: September 30, 2020 | **KABAT CHAPMAN & OZMER LLP**<br><br>*/s/ Ryan D. Watstein*<br>Ryan D. Watstein (*pro hac vice*)<br>rwatstein@kcozlaw.com<br>171 17th Street NW, Suite 1550<br>Atlanta, Georgia 30363<br>(404) 400-7300<br>(404) 400-7333 (fax)<br>*Counsel for Defendant Charter Communications, Inc.*<br><br>**ROBINSON & COLE LLP**<br><br>Brian E. Moran<br>Connecticut Bar No. ct05058<br>bmoran@rc.com<br>Trevor L. Bradley<br>Connecticut Bar No. ct29993<br>tbradley@rc.com<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>203-462-7500<br>203-462-7599 (fax) |

11

## **CERTIFICATE OF SERVICE**

I certify that today I electronically filed this ***DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)*** with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: September 30, 2020.

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
