UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　　　　　Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Dated: October 23, 2020

**BURSOR & FISHER, P.A**.
Joseph I. Marchese*
Philip L. Fraietta (*pro hac vice*)
888 Seventh Avenue, Third Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com
　　　　pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 220-8801
Email:  fhedin@hedinhall.com
　　　　dhall@hedinhall.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 S. Main Street, 3rd Floor
West Hartford, Connecticut 06110
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

*To Be Admitted Pro Hac Vice

*Attorneys for Plaintiff and the Putative Class*

Plaintiff Daniel Rease, individually and on behalf of all others similarly situated, submits this request for leave to file sur-reply in further opposition to the Motion for Judgment on the Pleadings, ECF No. 47 (the "Motion" or "Mot."), filed by Defendant Charter Communication, Inc. ("Charter" or "Defendant").

In its Reply in Further Support of the Motion, Defendant for the first time cited to *Creasy v. Charter Comms., Inc.*, 2020 WL 5761117 (E.D. La. Sept. 28, 2020), a non-binding, interlocutory district court decision from the Eastern District of Louisiana concerning the same issues raised in the Motion. *Creasy*, 2020 WL 5761117, at *9 ("The Supreme Court's decision in AAPC cannot logically be read as anything other than a ruling that § 227(b)(1)(A)(iii) was unconstitutional in the form in which the Court received it. *That* version of the provision, which included the government-debt exception that the Court has now severed, was unconstitutional when Charter engaged in all but one of the allegedly illegal communications the plaintiffs complain of."). The decision in *Creasy* was issued nearly two weeks after Plaintiff filed his opposition to the Motion (but prior to the filing of Defendant's reply in support of the Motion); thus, while Defendant's reply in support of the Motion addresses *Creasy*, Plaintiff has not yet had an opportunity to address the decision. Accordingly, Plaintiff requests leave to file a brief, three-page sur-reply concerning the intervening *Creasy* decision.[1]

Pursuant to District of Connecticut Local Rule 7(d), sur-replies may be filed only with "permission of the Court, which may, in its discretion, grant permission upon a showing of good cause." New or subsequent authority filed for the first time on reply satisfies the "good cause" standard. *See, e.g., Johnson v. Monsanto Co.*, 2016 WL 1730361, at *1 (N.D. Cal. May 2, 2016) (granting leave to file sur-reply where "new case authority" was cited in a reply"); *Reynolds v. Abdul*, 2009 WL 10710047, at *1 n.1 (S.D. Ohio. July 21, 2009) ("'Good cause' includes the movant introducing new issues in his reply or a new, relevant decision handed down by a controlling authority."). Here, Defendant's reply in support of the Motion relies heavily on the recent decision in *Creasy*. But because *Creasy* was issued after the filing of Plaintiff's opposition brief, Plaintiff has not

---

[1] A copy of the sur-reply Plaintiff intends to file is attached hereto as **Exhibit 1**.

yet had an opportunity to address the decision. Plaintiff is entitled to an opportunity to address *Creasy*, and the Court would benefit from briefing from both sides on the issues raised in the decision. Thus, based on the timing of *Creasy*'s issuance, Plaintiff has shown "good cause" to permit the filing of a sur-reply to address the decision. *See* D. Conn. L.R. 7(d); *Johnson,* 2016 WL 1730361, at *1; *Reynolds,* 2009 WL 10710047, at *1 n.1.

Accordingly, the Court should grant Plaintiff leave to file a brief, three-page sur-reply concerning *Creasy*, in the form attached hereto as Exhibit 1.

Dated:  October 23, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By: ___*/s/ Philip L. Fraietta*___
           Philip L. Fraietta

Joseph I. Marchese*
Philip L. Fraietta (*pro hac vice*)
888 Seventh Avenue, Third Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  jmarchese@bursor.com
            pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email:  fhedin@hedinhall.com
            dhall@hedinhall.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 S. Main Street, 3rd Floor
West Hartford, Connecticut 06110
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

* *Pro Hac Vice* Application Forthcoming

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

    I, Philip L. Fraietta, an attorney, hereby certify that on October 23, 2020, I served the above and foregoing Plaintiff's Request to File Sur-Reply in Opposition To Defendant's Motion For Judgment On The Pleadings on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF system.

                                                                  */s/ Philip L. Fraietta*
                                                                  Philip L. Fraietta