**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**
(*Lindenbaum v. Realgy, LLC*)


DATED: October 29, 2020

*/s/ Ryan D.  Watstein*
**KABAT CHAPMAN & OZMER LLP**
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E.  Moran
Connecticut Bar No.  ct05058
bmoran@rc.com
Trevor L.  Bradley
Connecticut Bar No.  ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT  06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

1

Defendant Charter Communications, Inc. ("Charter") hereby gives notice of new, persuasive authority in support of its Motion for Judgment on the Pleadings (Dkts. 47, 57): *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-02862-PAG, Dkt. 25 (N.D. Ohio Oct. 29, 2020). *Lindenbaum* is only the second court decision—after *Creasy*—to address the argument raised in Charter's Motion to date.  Just as Charter argued in this case—and for the exact same reasons— Chief Judge Patricia A. Gaughan concluded in *Lindenbaum* that the Supreme Court's decision in *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020) deprives federal courts of subject matter jurisdiction over alleged violations of the automated-call ban that took place during the time it contained the government-debt exception.  Ex. A. at 13–14.  As a result, Judge Gaughan dismissed the plaintiff's Amended Complaint in its entirety, as it was premised entirely on alleged calls that occurred while the automated-call ban contained the government-debt exception. *Id.* at 14.  In doing so, she noted: "The Court cannot wave a magic wand and make that constitutional violation disappear.  Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."  A true and correct copy of Judge Gaughan's 14-page decision is attached as Exhibit A.

|  |  |
|---|---|
| DATED: October 29, 2020 | **KABAT CHAPMAN & OZMER LLP** |
|  | */s/ Ryan D. Watstein* |
|  | Ryan D. Watstein (*pro hac vice*) |
|  | rwatstein@kcozlaw.com |
|  | 171 17th Street NW, Suite 1550 |
|  | Atlanta, Georgia 30363 |
|  | (404) 400-7300 |
|  | (404) 400-7333 (fax) |
|  | *Counsel for Defendant Charter Communications, Inc.* |

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

## CERTIFICATE OF SERVICE

I certify that today I electronically filed this ***DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS*** with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: October 29, 2020.

                                              */s/ Ryan D. Watstein*
                                              Ryan D. Watstein (*pro hac vice*)