## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

## DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S SUR-REPLY

DATED: November 2, 2020

*/s/ Ryan D. Watstein*
**KABAT CHAPMAN & OZMER LLP**
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

1

Pursuant to Local Rule 7(d), Defendant Charter hereby requests leave to file the attached response to Plaintiff's sur-reply. Dkt. 62. Plaintiff's belated sur-reply—which he did not even seek leave to file until 26 days after Charter filed its reply (beyond even the 21-day time limit applicable to opposition briefs, *see* L.R. 7(a)(2), 7(d))—relies on additional case law (*United States v. Miselis*, 972 F.3d 518, 542 (4th Cir. 2020)) that he could have raised in his opposition but did not. That case is inapposite for the reasons discussed in Charter's attached response, including because it did not address a statute that violated the First Amendment because it discriminated based on the *content* of speech. *See Miselis*, 972 F.3d at 541, 547. Here, Plaintiff seeks to hold Charter liable for conduct that allegedly violated an unconstitutionally content-discriminatory provision, during a time that the provision was invalid—*i.e.*, before the Supreme Court cured the impermissible discrimination through severance. Unlike with an overbroad statute, at issue in *Miselis*, no part of a content-discriminatory statutory provision can be applied to any speech occurring while the provision is discriminatory without violating the First Amendment. This is the holding of binding Supreme Court precedent, as well as the only two courts to address the issue in the context of the TCPA after the Supreme Court's decision in *AAPC*. Charter requests the opportunity to explain this more fully in its attached response.

Additionally, though Plaintiff sought leave to file his sur-reply to address *Creasy v. Charter Communications., Inc.*, No. 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020), he does not (and cannot) distinguish that case in any meaningful way. Instead, Plaintiff's sur-reply raises new arguments concerning *AAPC*—arguments which could have been raised in his opposition—while continuing to ignore dispositive arguments raised in Charter's motion and reply. Charter respectfully requests the opportunity to address these new arguments and explain why they do not alter the conclusion that this Court lacks subject matter over Plaintiff's claims.

<table>
<tr><td>DATED: November 2, 2020</td><td>**KABAT CHAPMAN & OZMER LLP**</td></tr>
</table>

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)
*Counsel for Defendant Charter Communications, Inc.*

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

**CERTIFICATE OF SERVICE**

I certify that today I electronically filed this ***DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S SUR-REPLY*** with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: November 2, 2020.

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
