UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>   v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>                    Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

## **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

      Plaintiff Daniel Rease respectfully submits this Notice of Supplemental Authority regarding the pending Motion for Judgment on the Pleadings. *See* ECF Nos. 47, 50, 57, 62, 66. Plaintiff brings to the Court's attention the following order entered on December 11, 2020 by Judge Thomas P. Barber in *Abramson v. Federal Insurance Co., et al.*, Case No. 8:19-cv-02523-TPB-AAS, ECF No. 93 (M.D. Fla. Dec. 11, 2020). The *Abramson* decision is attached hereto as Exhibit A. Specifically, the decision is relevant to the parties' respective arguments concerning the issue of subject matter jurisdiction in light of the Supreme Court's ruling in *Barr v. American Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020). *See Abramson*, ECF No. 93, at 3 ("Although XenCall cites two cases supporting its arguments, the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*.").

Dated: December 14, 2020           Respectfully submitted,

                                              By:   */s/ Philip L. Fraietta*
                                                     Philip L. Fraietta

                                        **BURSOR & FISHER, P.A**.
                                        Joseph I. Marchese*
                                        Philip L. Fraietta (*pro hac vice*)
                                        888 Seventh Avenue, Third Floor
                                        New York, New York 10019

        Telephone: (646) 837-7150
        Facsimile: (212) 989-9163
        Email:  jmarchese@bursor.com
         pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email:  fhedin@hedinhall.com
dhall@hedinhall.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 S. Main Street, 3rd Floor
West Hartford, Connecticut 06110
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

*To Be Admitted *Pro Hac Vice*

# CERTIFICATE OF SERVICE

I, Philip L. Fraietta, an attorney, hereby certify that on December 14, 2020, I served the above and foregoing Plaintiff's Notice of Supplemental Authority on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF system.

*/s/ Philip L. Fraietta*
Philip L. Fraietta

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEWART ABRAMSON,

    Plaintiff,

v.                                                  Case No. 8:19-cv-2523-T-60AAS

FEDERAL INSURANCE COMPANY,
BAY AREA HEALTH, LLC, and
0995316 B.C. LTD., d/b/a
XENCALL,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on "Defendant Federal Insurance Company's Supplemental Motion to Dismiss Plaintiff's Amended Class Action Complaint Based on Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law," filed November 10, 2020. (Doc. 82). Plaintiff filed his response in opposition on December 8, 2020. (Doc. 90).[1] After reviewing the motion, response, court file, and record, the Court finds as follows:

---

[1] On June 15, 2020, the Court stayed this case after Defendant Bay Area Health LLC filed a notice of suggestion of bankruptcy. The case was partially reopened on September 30, 2020.

## Background[2]

On August 1, 2019, Plaintiff received a telephone call from Defendant Bay Area Health ("Bay Area"). When Plaintiff answered the phone, a pre-recorded message played that advertised health insurance. After Plaintiff clicked through the prompts, he was connected with Bay Area employee Brian Park, who indicated that Bay Area was selling insurance policies provided by Federal Insurance Company ("Federal Insurance"). Plaintiff was neither a customer of Bay Area nor Federal Insurance and had not consented to receive telemarketing calls prior to receiving the call.

On October 10, 2019, Plaintiff filed a class-action lawsuit against Federal Insurance and Bay Area alleging they violated § 227(b) of the Telephone Consumer Protection Act ("TCPA") by initiating illegal telemarketing calls to Plaintiff and other non-consenting individuals. On April 22, 2020, Plaintiff filed an amended complaint adding XenCall as a Defendant, alleging XenCall also violated the TCPA by providing Bay Area the technology to make these calls. (Doc. 47). XenCall now moves to dismiss the amended complaint.

## Legal Standard

Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing

---

[2] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

## Analysis

In its motion, XenCall argues the Court lacks subject matter jurisdiction over the matter. XenCall's argument rests solely on its interpretation of a recent Supreme Court case decided in July 2020: *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2347 (2020) ("*AAPC*"). In *AAPC*, the Supreme Court held that § 227(b) of the TCPA, which permitted robocalls "solely to collect a debt owed to or guaranteed by the United States," while leaving robocalls involving other types of content subject to the TCPA's prohibitions, resulted in an unconstitutional content-based restriction on free speech. *Id.*; *see also* 47 U.S.C. § 227(b)(1)(iii). The Supreme Court also held, however, that the invalid section could be severed from the statute. *Barr*, 140 S. Ct. at 2356. XenCall contends that this holding precludes Plaintiff from bringing claims under the remainder of § 227(b).

The Court finds this argument unpersuasive. Although XenCall cites two cases supporting its arguments, the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*. *See, e.g.*, *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D.

Neb. Oct. 30, 2020); *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *4 n.2 (D. Ariz. Oct. 19, 2020); *Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795-DMR, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020). The Court finds these decisions persuasive and adopts their reasoning and analysis. XenCall's motion to dismiss for lack of subject matter jurisdiction is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Federal Insurance Company's Supplemental Motion to Dismiss Plaintiff's Amended Class Action Complaint Based on Lack of Subject Matter Jurisdiction and Incorporated Memorandum of Law" (Doc. 82) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of December, 2020.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**