# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHABANA HUSSAIN,

       Plaintiff,

v.                                             Case No: 5:20-cv-38-Oc-30PRL

SULLIVAN BUICK-CADILLAC-GMC
TRUCK, INC., SYNERGY
MARKETING ADVISORS, INC. D/B/A
SYNERGY RESOURCE ADVISORS and
STRATICS NETWORKS, INC.,

       Defendants.

_____

**ORDER**

THIS CAUSE comes before the Court upon Defendant Synergy Marketing Advisors, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 58).   The Court, having reviewed the motion and response, and being otherwise advised in the premises, concludes that the motion should be granted.

**BACKGROUND**

Plaintiff initiated this action against Defendants for alleged violations under the Telephone Consumer Protection Act ("TCPA").   From January 2019 to October 2019, Plaintiff alleges that she received approximately fifteen calls and voicemails with pre-recorded messages to her cellular phone.   The following is a transcript of one of the voicemails that was left in Plaintiff's voicemail box:

> Hello this is Tony Sullivan with Sullivan Buick GMC in Ocala calling regarding important time sensitive information about

> your vehicle.  Please call us as soon as possible to discuss at
> 352-414-0638, again the number 352-414-0638.  Thank you,
> look forward to hearing from you.

(Dkt. 27, ¶ 32).   Plaintiff alleges that Defendant Synergy Marketing Advisors d/b/a Synergy Resource Advisors ("Synergy") was responsible for sending the pre-recorded messages using Defendant Stratics Networks, Inc.'s system.   Plaintiff further alleges that, prior to transmitting the pre-recorded messages, Synergy consulted with and received approval from Defendant Sullivan Buick-Cadillac-GMC Truck, Inc. as to the content of the messages.

Plaintiff alleges that she did not provide Defendants with her consent to be contacted with pre-recorded calls.   Plaintiff has been registered with the national do-not-call registry since 2009.   Plaintiff contends that "Defendants' unsolicited prerecorded calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion."   (Dkt. 27, ¶ 42).   Synergy filed a motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction.

## LEGAL STANDARD

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).   Facial challenges are based solely on the allegations in the complaint and the court must accept the complaint's allegations as true.  *Id.*   Where there is a factual attack on subject matter jurisdiction, the court may consider extrinsic evidence such as deposition testimony and affidavits.  *Id.*   Because

Synergy challenges this Court's jurisdiction based on the allegations in the complaint, the Court must therefore accept the allegations as true.

## DISCUSSION

The TCPA generally prohibits robocalls to cell phones and home phones.   But, in 2015, the TCPA was amended to allow robocalls that are made to collect government debt (the "government-debt exception"):

**(b) Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\* \* \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, *unless such call is made solely to collect a debt owed to or guaranteed by the Untied States*;

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

On July 6, 2020, the Supreme Court addressed the 2015 amendment to the TCPA in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2349 (2020) ("*AAPC*").   The Supreme Court concluded that the robocall restriction under § 227(b)(1)(A)(iii), with the government-debt exception, is unconstitutional because it favors speech made for the purpose of collecting government debt over other speech.   The

Supreme Court concluded that the TCPA was an unconstitutional content-based restriction as written when the statute was amended in 2015.   To remedy the unconstitutional statute, the Supreme Court severed the government-debt exception from the TCPA and left the remainder of the TCPA intact.

Synergy seeks dismissal of Plaintiff's Amended Complaint because the TCPA was unenforceable at the time the calls were made to Plaintiff.   Specifically, Synergy contends that the TCPA was unconstitutional and unenforceable from 2015 (when the TCPA was amended to add the government-debt exception) to July 6, 2020 (the date of the Supreme Court's decision in *AAPC*).   Because Plaintiff alleges that the calls at issue were from January 2019 to October 2019, Synergy asserts that the TCPA was unenforceable at the time the calls were made and this Court lacks jurisdiction to enforce any alleged violations under TCPA.

In response, Plaintiff claims that the Supreme Court's severance of the government-debt exception from the statute applies retroactively.   Plaintiff relies upon footnote 12 of the Supreme Court's opinion in support her contention:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that lower courts determine is appropriate.   On the other side of the ledger, our decision today does not negate the liability of the parties who made robocalls covered by the robocall restriction.

*AAPC*, 140 S. Ct. at 2355, n.12. According to Plaintiff, footnote 12 indicates that only the government-debt exception itself was unconstitutional and a nullity, having no effect on the remainder of the statute. As such, Plaintiff contends that Defendants can still be held liable for robocalls pre-severance. Synergy, however, argues that footnote 12 is not binding on this Court because it was only joined by 3 Justices and is *dicta*.

Only two courts have addressed this issue since *AAPC*. Both the Northern District of Ohio and the Eastern District of Louisiana concluded that it lacked subject matter jurisdiction over alleged violations of the TCPA that occurred from the enactment of the 2015 amendment to the July 6, 2020 decision in *AAPC*. *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020); *Creasy v. Charter Comm., Inc.*, No. 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020). Neither the Eleventh Circuit Court of Appeals nor other courts in this district have addressed this issue. Synergy relies upon *Lindenbaum* and *Creasy* in support of its position.

The Court concludes that the decisions in *Lindenbaum* and *Creasy* are instructive on whether the Supreme Court's severance of the government-debt exception applies retroactively or prospectively. *Lindenbaum* and *Creasy* both concluded that footnote 12 was endorsed by only three Justices and is therefore non-binding *obitur dictum*. Both cases also concluded that the Supreme Court's severance of the government-debt exception applies prospectively. As the Court noted in *Lindenbaum*, at the time the robocalls at issue were made, the statute could not be enforced as written and a later amendment to a statute cannot be retroactively applied. *Lindenbaum*, 2020 WL 6361915, at *7 (citing *Grayned v. City of Rockford*, 408 U.S. 104, at n. 2 (1972) (Supreme Court considers the facial

constitutionality of the statute in effect when the speech was undertaken, not the statute as amended)); *see also Creasy*, 2020 WL 576117, at *5 ("the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in <u>APPC</u>.") As such, *Lindenbaum* and *Creasy* concluded that federal courts lack subject matter jurisdiction over alleged violations from the enactment of the 2015 amendment to the July 6, 2020 decision in *AAPC*. The Court agrees.

The Court notes that the original TCPA statute restricted all robocall speech. The 2015 amendment, adding the government-debt exception, changed an otherwise valid statute to an unconstitutional content-based restriction. *AAPC*, 140 S. Ct at 2347-48. Thus, at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction. Because the Court is without authority to enforce an unconstitutional statute, the Court lacks subject matter jurisdiction over this action. *See U.S. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)").

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Synergy Marketing Advisors, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 58) is granted.

2. This action is dismissed for lack of subject matter jurisdiction.

3. The Clerk of Court is directed to terminate all pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of December, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record