UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>  Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Charter hereby responds to Plaintiff's notice of supplemental authority in opposition to Charter's motion for judgment on the pleadings. Plaintiff's notice directs the Court to an order denying a motion to dismiss in *Abramson v. Federal Insurance Company*, No. 8:19-cv-02524, Dkt. 60 (M.D. Fla. Dec. 11, 2020). This decision is legally flawed.

Plaintiff neglects to mention that *Abramson* contains no independent reasoning of its own and instead "adopts" reasoning of other courts that supposedly considered this issue. *See* No. 8:19-cv-02524, Dkt. 60, at *3 ("The Court finds these decisions persuasive and adopts their reasoning and analysis."). But ***none*** of "these decisions" *Abramson* cites even touched on the relevant jurisdictional question raised in *Abramson* or by Charter in this case: whether a court can enforce a speech restriction during the time it was unconstitutional. That Plaintiff failed to cite a ***single*** one of the decisions the *Abramson* court "adopt[ed]" in his opposition to Charter's motion for judgment on the pleadings or in a notice of supplemental authority underscores this point and those decisions' irrelevance. *See generally* Dkt. 57. In fact, several of the cases the *Abramson* court cites did not even involve adversarial briefing at all, as they addressed motions for default judgment or other motions totally unrelated to the argument Charter makes here. *Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230, 2020 WL 6135181, at *4–7 (D. Ariz. Oct. 19, 2020)

1

(addressing unopposed motion for default judgment under TCPA); *Burton v. Fundmerica, Inc.*, No. 8:19-CV-119, 2020 WL 4504303, at *1–2 (D. Neb. Aug. 5, 2020) (same); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-cv-05007, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) (addressing motion to stay TCPA case with no discussion of jurisdiction); *Komaiko v. Baker Techs., Inc.*, No. 19-cv-03795, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) (same); *Buchanan v. Sullivan*, No. 8:20-CV-301, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020) (denying motion to dismiss where defendant asserted lack of subject matter jurisdiction but "advance[d] no argument to support this claim").

These cases, and by extension, *Abramson*, which mistakenly relies on them, have absolutely nothing to say regarding the question of whether federal courts lack subject matter jurisdiction to enforce a speech restriction at the time it was unconstitutional because they were not briefed on this question and, therefore, did not address it. Simply put, "[c]onstitutional rights are not defined by inferences from opinions which did not address the question at issue." *Texas v. Cobb*, 532 U.S. 162, 169 (2001) (citing *Hagans v. Lavine*, 415 U.S. 528, 535, n. 5 (1974) ("[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us")); *see also Phelps v. Wyeth, Inc.*, 938 F. Supp. 2d 1055, 1062 (D. Or. 2013) ("[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents") (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).

As Charter has pointed out, the ***only*** courts to ever specifically address the question posed here and offer their own independent reasoning have all come to the same (correct) conclusion: the discriminatory speech restriction is unenforceable prior to the Supreme Court's severance of the statute in *AAPC*. There are now three such decisions and two have been chosen for publication in the federal reporters. *See Creasy v. Charter Comms., Inc.*, --- F.3d ----, No. 2:20-CV-01199, 2020 WL 5761117, at *2 (E.D. La. Sept. 28, 2020) ("**confronted with a genuine issue of first impression** … the Court concludes … the government-debt exception rendered §227(b)(1)(A)(iii)

2

an unconstitutional content-based restriction on speech") (emphasis added); *Lindenbaum v. Realgy, LLC*, --- F.3d ----, No. 1:19 CV 2862, 2020 WL 6361915, at *7 (N.D. Ohio Oct. 29, 2020); *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., et al.*, 5:20-cv-00038-JSM-PR, Dkt. 74, at *6 (M.D. Fla. Dec. 11, 2020) ("The 2015 amendment, adding the government-debt exception, changed an otherwise valid statute to an unconstitutional content-based restriction … Thus, at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction.").

Notably, *Abramson* was decided without the benefit of a reply brief, which would presumably have informed the court that the cases incorrectly cited by the plaintiff there did not actually address the question presented in *Abramson*.

For the foregoing reasons, the Court should entirely disregard the non-existent reasoning of *Abramson*—which erroneously relied on irrelevant cases that did not even address the question before the court—and follow the constitutionally sound opinions issued in *Creasy*, *Lindenbaum*, and *Hussain*.

Dated: December 16, 2020.

**KABAT CHAPMAN & OZMER LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

3

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

5

**CERTIFICATE OF SERVICE**

I certify that today I filed ***DEFENDANT CHARTER COMMUNICATION, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS*** using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

DATED: December 16, 2020        */s/ Ryan D. Watstein*
                                Ryan D. Watstein (*pro hac vice*)