UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　　　　Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY**
(*Shen v. Tricolor California Auto Group, LLC* **and** *Trujillo v. Free Energy Savings, Company, LLC*)

Defendant Charter Communications, Inc. ("Charter") hereby requests leave to file the attached response to Plaintiff's notices of supplemental authority in opposition to Charter's motion for judgment on the pleadings (Doc. 73 and 74). Plaintiff's notices direct the Court to non-published orders from the Central District of California denying motions to dismiss in *Shen v. Tricolor Auto Group LLC*, No. 2:20-cv-07419, Doc. 35 (C.D. Cal. Dec. 17, 2020) and *Trujillo v. Free Energy Savings Company, LLC*, No. 5:19-cv-02072, Doc. 76 (C.D. Cal. Dec. 21, 2020). For the reasons set forth below and in the attached response, *Shen* and *Trujillo* are legally flawed, create more constitutional problems than they purport to solve, and should not be followed. Rather, this Court should follow the published, constitutionally sound opinions of three separate courts in *Creasy v. Charter Comms., Inc.*, --- F.3d ----, 2020 WL 5761117 (E.D. La. Sept. 28, 2020), *Lindenbaum v. Realgy, LLC*, --- F.3d ----, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020), and *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, JSM-PR, --- F.3d ----, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020).

In *Shen*, the court denied the defendant's motion to dismiss for lack of subject matter jurisdiction for pre-*AAPC* violations of the TCPA's automated-call ban (47 U.S.C. §

1

227(b)(1)(A)(iii)), which sought the same relief as Charter's pending motion in this case. However, the two legal bases of the court's decision are demonstrably erroneous. The court first reasoned that *AAPC* only invalidated the government debt exception, but not the discriminatory speech restriction. This holding is fundamentally at odds with the text of *AAPC*, the text and logic of the First Amendment, and binding Supreme Court precedent. The court then noted its conclusion was consistent with what several other courts have ruled on the same subject—but in reality, other than *Abramson*, which Charter addressed in its earlier response to a notice of supplemental authority (Doc. 72), **none** of those decisions addressed the question raised in that case or this one.

*Trujillo* suffers from the same defects as *Shen*. In addition, *Trujillo* carries its erroneous reasoning to the illogical and constitutionally impossible conclusion that the government debt exception was void *ab initio*, meaning that it was a "'nullity' and 'void' when enacted, and for that reason ha[d] no effect on the original statute." *Trujillo*, No. 5:19-cv-02072, Doc. 76, at \*6. Under this conclusion, government debt collectors—which were shielded from liability by the 2015 amendment that *AAPC* allegedly declared void—can now be sued for violations of the automated-call ban, even though there was a law passed by Congress saying they could not be. That is the only possible result if the exception was void *ab initio* as *Trujillo* contends. But this premise— that, because the exception was void from the outset, even government debt collectors may be sued for calls between 2015 and 2020—cannot hold; the Constitution forbids someone from being sued for conduct explicitly permitted by Congress at the time it occurred. Binding Supreme Court authority, discussed in the attached, mandates this conclusion, under both the Ex Post Facto Clause and the Due Process Clause. Even *Trujillo* itself acknowledges this problem, yet it failed to fully analyze the issue. No. 5:19-cv-02072, Doc. 76 at 7 ("The Court acknowledges that [this] framework possibly could present due process implications . . .").

Charter respectfully requests the opportunity to briefly expound on the points discussed above and to further explain why *Shen* and *Trujillo* do not alter the conclusion that this Court lacks subject matter jurisdiction over Plaintiff's lawsuit, premised entirely on the automated-call ban.

|  |  |
|---|---|
| Dated:  December 30, 2020 | **KABAT CHAPMAN & OZMER LLP** |

*/s/ Ryan D.  Watstein*
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E.  Moran
Connecticut Bar No.  ct05058
bmoran@rc.com
Trevor L.  Bradley
Connecticut Bar No.  ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT  06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that today I filed ***DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY (Shen v. Tricolor California Auto Group, LLC and Trujillo v. Free Energy Savings, Company, LLC)*** using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

DATED: December 30, 2020  */s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)