UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

　　Plaintiff Daniel Rease respectfully submits this Notice of Supplemental Authority regarding the pending Motion for Judgment on the Pleadings. *See* ECF Nos. 47, 50, 57, 62, 66. Plaintiff brings to the Court's attention the following order entered on January 26, 2021 by Judge Jack Zouhary in *Less v. Quest Diagnostics Inc.*, Case No. 3:20-cv-02546-JZ, ECF No. 12 (N.D. Ohio. Jan. 26, 2021). The *Less* decision is attached hereto as Exhibit A. Specifically, the decision is relevant to the parties' respective arguments concerning the issue of subject matter jurisdiction in light of the Supreme Court's ruling in *Barr v. American Ass'n of Pol. Consultants, Inc.* ("*AAPC*"), 140 S. Ct. 2335 (2020).

Dated: January 26, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By:　  */s/ Philip L. Fraietta*
　　　　　　　　　　　　　　　　　　　　　　　　　　Philip L. Fraietta

　　　　　　　　　　　　　　　　　　　　　　**BURSOR & FISHER, P.A**.
　　　　　　　　　　　　　　　　　　　　　　Joseph I. Marchese*
　　　　　　　　　　　　　　　　　　　　　　Philip L. Fraietta (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　888 Seventh Avenue, Third Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　Telephone: (646) 837-7150
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 989-9163
　　　　　　　　　　　　　　　　　　　　　　Email:  jmarchese@bursor.com
　　　　　　　　　　　　　　　　　　　　　　　　　 pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email:  fhedin@hedinhall.com
dhall@hedinhall.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 S. Main Street, 3rd Floor
West Hartford, Connecticut 06110
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

*To Be Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I, Philip L. Fraietta, an attorney, hereby certify that on January 26, 2021, I served the above and foregoing Plaintiff's Notice of Supplemental Authority on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF system.

*/s/ Philip L. Fraietta*
Philip L. Fraietta

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Debora Less,                                            Case No. 3:20 CV 2546

                Plaintiff,                ORDER RE:
                                          <u>MOTION TO DISMISS</u>
    -vs-
                                          JUDGE JACK ZOUHARY

Quest Diagnostics Incorporated,

                Defendant.

Plaintiff Debora Less ("Less") brings this action for damages under the Telephone Consumer Protection Act ("TCPA") against Defendant Quest Diagnostics Incorporated ("Quest") and its subsidiary MedXM. Defendant requests leave to file a motion to dismiss under Federal Civil Rule 12(b), and the parties have exchanged letters to one another outlining their arguments on such a motion (Doc. 10). Each of these topics is discussed in turn below.

**47 U.S.C. § 227(b)**

Defendant argues that Plaintiff's claim under 47 U.S.C. § 227(b)(1)(A)(iii) is barred because this provision was unconstitutional during the time of the alleged conduct at issue. In *Barr v. AAPC*, 140 S. Ct. 2335 (2020), the Supreme Court ruled that the government debt exception provision -- added to the TCPA in 2015 -- was unconstitutional. A majority determined the government debt exception provision was severable from the rest of the statute, but there were not five votes agreeing on whether severability should be retroactive to conduct occurring between 2015 and 2020. *Id.* at 2343, 2355.

As counsel point out in their exchange, lower courts are split on the issue. Some have agreed with Defendant that the severability is not retroactive and that the entire law was invalid during the period that the government debt exception provision was in effect. *See Lindenbaum v. Realgy, LLC*, 2020 WL 6361915 (N.D. Ohio 2020), *appeal filed*, No. 20-4252 (6th Cir. 2020); *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, 2020 U.S. Dist. LEXIS 236577, at *8 (M.D. Fla. 2020); *Creasy v. Charter Commc'ns, Inc.*, F. Supp. 3d, 2020 U.S. Dist. LEXIS 177798, at *14–15 (E.D. La. 2020). Other courts found that the constitutionally inoffensive portion of the statute remains enforceable during the 2015 to 2020 period. *See Canady v. Bridgecrest Acceptance Corp.*, 2020 U.S. Dist. LEXIS 161629, at *5 (D. Ariz. 2020); *Komaiko v. Baker Techs., Inc.*, 2020 U.S. Dist. LEXIS 143953, at *5 (N.D. Cal. 2020); *Trujillo v. Free Energy Savings Co.*, 2020 U.S. Dist. LEXIS 239730 (C.D. Cal. 2020); *Abramson v. Fed. Ins. Co.*, 2020 U.S. Dist. LEXIS 232937, at *3–4 (M.D. Fla. 2020).

As the Supreme Court noted in *AAPC*, the general rule is that "an unconstitutional statutory amendment 'is a nullity' and 'void' when enacted, and for that reason has no effect on the original statute." *AAPC*, 140 S. Ct. at 2353 (quoting *Frost v. Corp. Comm'n of Okla.*, 278 U.S. 515, 526–27 (1929)). If the government debt exception provision was void at its inception in 2015, it would have no effect on the pre-2015 text of the statute. Since there are no constitutional defects to the pre-2015 text, the statute's enforceability is unaffected by the amendment. The conduct at issue here was not impacted by the exception. Barring guidance from the Sixth Circuit, this Court finds there is no constitutional defect to the Plaintiff's claim under 47 U.S.C. § 227(b)(1)(A)(iii) for conduct taking place in the 2015–2020 period.

**47 USC § 227(c)(5) through 47 CFR § 64.1200(c)(2)**

Defendant argues these claims are barred because "there were no telephone solicitation calls" (Doc. 10 at 3).

The statute defines "telephone solicitation" as:

[T]he initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization.

47 U.S.C. § 227. Defendant correctly points out that calls merely providing information about an available service are not implicated by the statute. *See Williams-Diggins v. Republic Servs.*, 2019 WL 5394022, at *1 (N.D. Ohio 2019) (Zouhary, J.) ("Informational, non-solicitation telephone calls . . . do not violate the TCPA.") An example of one of the specific prerecorded messages at issue in this case is as follows (Doc. 9 at 9):

Hello, this is a courtesy call from MedXM, a Quest Diagnostics company, on behalf of your health insurance regarding your annual wellness visit. This is a preventative benefit that you are entitled to at no copay. Please call 888-246-7722 to schedule an appointment. Thank you and have a great day.

The Complaint asserts that MedXM is a company that provides call center operations to health insurance providers, and is owned by Quest Diagnostics, a Fortune 500 company that provides healthcare related services (Doc. 9 at 2–7). Courts may look beyond the pretextual claim that a service is "free" when determining whether it is a solicitation under the TCPA. *See Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) ("The TCPA covers faxes that serve as pretext for a commercial solicitation. In addition, and as previously described, the FCC has explained that offers for free goods or services fall within the TCPA because they are often part of an overall marketing campaign to sell property, goods, or services.") (citations and

3

quotations marks omitted). More information is needed to determine whether the calls in this case were solicitations under the statute. Questions remain, such as -- What was the business strategy behind Quest/MedXM making the calls? How did the calls generate revenue for Quest/MedXM? Were the call operators paid on a commission or incentivized if recipients booked an appointment? At this point, the Motion to Dismiss the claims under 47 USC 227(c)(5) through 47 CFR 64.1200(c)(2) is denied without prejudice. Depending on additional facts disclosed during focused discovery, counsel may invite this Court to revisit the issue.

**47 CFR § 64.1200(a)(1)-(2) and 47 CFR § 64.1200(b)(3)**

Defendant challenges the constitutionality of Sections (a)(1) and (a)(2) for the same reason found in *Lindenbaum* (Doc. 10 at 3). Moreover, Defendants argue there is no private right of action under those sections (*id.*). Defendant also argues there is no private right of action under Section (b)(3), and that (b)(3) likewise only applies to solicitation calls (*id.*). This Court agrees there is no private right of action under these Sections of the statute. *See Charvat v. NMP, LLC*, 656 F.3d 440, 449–50 (6th Cir. 2011). These claims are therefore dismissed.

### CONCLUSION

The Motion to Dismiss (Doc. 10) is granted with respect to the claims arising under 47 CFR § 64.1200(a)(1)-(2) and 47 CFR § 64.1200(b)(3); it is denied with respect to all other claims.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 26, 2021