UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br>   v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>                                       Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

      Plaintiff Daniel Rease respectfully submits this Notice of Supplemental Authority regarding the pending Motion for Judgment on the Pleadings. *See* ECF Nos. 47, 50, 57, 62, 66. Plaintiff brings to the Court's attention the following order entered on January 28, 2021 by Judge Cynthia Bashant in *McCurley v. Royal Sea Cruises, Inc.*, Case No. 3:17-cv-00986-BAS-AGS, ECF No. 207 (S.D. Cal. Jan. 28, 2021). The *McCurley* decision is attached hereto as Exhibit A. Specifically, the decision is relevant to the parties' respective arguments concerning the issue of subject matter jurisdiction in light of the Supreme Court's ruling in *Barr v. American Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020).

Dated: February 2, 2021                             Respectfully submitted,

                                                         By:    */s/ Philip L. Fraietta*
                                                                   Philip L. Fraietta

                                           **BURSOR & FISHER, P.A**.
                                           Joseph I. Marchese*
                                           Philip L. Fraietta (*pro hac vice*)
                                           888 Seventh Avenue, Third Floor
                                           New York, New York 10019
                                           Telephone: (646) 837-7150
                                           Facsimile: (212) 989-9163
                                           Email:  jmarchese@bursor.com
                                              pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin*
David W. Hall*
Four Embarcadero Center, Suite 1400
San Francisco, California 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
Email: fhedin@hedinhall.com
dhall@hedinhall.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 S. Main Street, 3rd Floor
West Hartford, Connecticut 06110
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
E-Mail: james.reardon@reardonscanlon.com

*To Be Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I, Philip L. Fraietta, an attorney, hereby certify that on February 2, 2021, I served the above and foregoing Plaintiff's Notice of Supplemental Authority on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF system.

*/s/ Philip L. Fraietta*
Philip L. Fraietta

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN MCCURLEY and DAN DEFOREST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL SEA CRUISES, INC.,<br><br>Defendant. | Case No. 17-cv-00986-BAS-AGS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(ECF No. 196)** |

Defendant brings this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1), arguing that the recent case of *Barr v. American Ass'n of Political Consultants, Inc.*, 591 U.S. __, 140 S. Ct. 2335 (July 2, 2020) ("*AAPC*") renders the Telephone Consumer Protection Act, 47 U.S.C. §§227 *et seq.* ("TCPA") void between the years of 2015 and July 2020, when *AAPC* was decided. (ECF No. 196.) According to Defendant's analysis, the TCPA should be held in force and effect from 1991 until 2015—when an unconstitutional amendment to the Act was passed—be declared void in its entirety from 2015 until *AAPC* was decided in July 2020, and then return to full force and effect with the offending 2015 amendment severed, effective July 2020. Because the certified class in this case involves those who received telephone calls in violation of the TCPA between November 2016 and December 2017, Defendant argues the entire case must be dismissed since there was no valid TCPA at the time the class was receiving

telephone calls. Plaintiffs oppose and Defendant replies. (ECF Nos. 199, 202.) The Court heard argument on the issue on January 27, 2021. Based on the papers filed and the oral arguments of the parties, the Court **DENIES** Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiffs filed a Consolidated Class Action Complaint against Royal Seas Cruises, Inc. ("Royal Seas") alleging violations of the TCPA and California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§630 *et seq.* (ECF No. 31.) With respect to the TCPA, the Court certified a class of:

> All persons within the United States who received a telephone call (1) from Prospects, DM Inc. on behalf of Royal Seas Cruises Inc. (2) on said Class Member's cellular telephone (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) between November 2016 and December 2017, (5) where such calls were placed for the purpose of marketing, (6) to non-customers of Royal Seas Cruises, Inc. at the time of the calls, (7) whose cellular telephone number is associated in Prospects DM's records with either diabeteshealth.info or www.yourautohealthlifeinsurance.com, and (8) whose call resulted in a transfer to Royal Seas Cruises, Inc.

(ECF Nos. 87, 191.) Defendant now moves to dismiss the case for lack of subject matter jurisdiction in light of the Supreme Court decision in *AAPC*. (ECF No. 196)

## II. LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 12(b)(1) allows a defendant to move to dismiss a case for lack of subject matter jurisdiction. "Subject matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Since this may result in many months of work wasted, such a dismissal should not be taken lightly. *Id*; *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("Jurisdictional dismissals in cases premised on federal question jurisdiction are exceptional.") (quotations omitted). If a case is premised on a law that has been declared

void, the Court is without jurisdiction and the case should be dismissed. *The Ku Klux Cases*, 110 U.S. 651, 654 (1884).

## III. ANALYSIS

In *AAPC*, the Supreme Court addressed the 2015 amendment to the TCPA which provided an exception for robocalls made to collect debts owed to or guaranteed by the Federal Government, including robocalls made to collect many student loan and mortgage debts. Justice Kavanaugh, joined by the Chief Justice and Justice Alito, concluded in Parts I and II that this amendment was unconstitutional because it favored debt-collection speech over political or other speech in violation of the First Amendment. 140 S. Ct. at 2342–48. In Part III, these three Justices concluded that the 2015 amendment should be severed leaving the bulk of the TCPA intact. *Id.* at 2348–56. Justice Sotomayor, who concurred, would have based Parts I and II on a different ground (applying intermediate as opposed to strict scrutiny to the speech) but concurred in the conclusion and in Part III with respect to severability. *Id.* at 2356–57. Justices Breyer, Ginsburg and Kagan, who dissented in part, disagreed that the amendment violated the First Amendment, but ultimately concurred with Part III finding the amendment severable. *Id.* at 2357–63. Justices Gorsuch and Thomas agreed with Parts I and II that the amendment was unconstitutional but dissented on the issue of severability. *Id.* at 2363–67. Thus, "[s]ix Members of the Court . . . conclude[d] that Congress ha[d] impermissibly favored debt-collection speech over political and other speech in violation of the First Amendment" and "[s]even Members of the Court conclude[d] that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute." *Id.* at 2343.

> Justice Kavanaugh directly addressed the issue raised in Defendant's Motion: Although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is

appropriate. On the other side of the ledger, *our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.*

*AAPC*, 140 S. Ct. at 2355 n.12 (emphasis added). This case does not involve the collection of government debt; therefore, according to the opinion of Justice Kavanaugh, *AAPC* does not negate Defendant's liability and Defendant's motion to dismiss must fail.

Defendant instead argues that Justice Kavanaugh's opinion is mere dicta and should be ignored by this Court. The Court disagrees. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976)). However, "when an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67 (1996).

In this case, one single rationale explains the result joined by seven of the Justices: All seven agree that the 2015 amendment should be severed and the liability of parties making robocalls who were not collecting a government debt is not negated. In fact, three of those seven would not have held the 2015 amendment to be unconstitutional at all, and they certainly agreed Defendant could be held liable. Therefore, the Court finds Justice Kavanaugh's statement is not dicta and must be followed by this Court.

Lest there is question, the Ninth Circuit ruling in *Duguid v. Facebook*, 926 F.3d 1146 (9th Cir. 2019), agreed that the debt collection amendment was unconstitutional but severed this amendment and remanded the case to the district court for further proceedings. The Court concluded "[t]he TCPA has been 'fully operative' for more than two decades" and "[e]xcising the debt-collection exception preserves the fundamental purpose of the TCPA and leaves us with the same content-neutral TCPA that we upheld." *Id.* at 1156–57. Notably the Court did not dismiss the case despite the fact that the

- 4 -

17cv986

allegations from the named Plaintiff involved messages received from January 2014 to October 2014. The Supreme Court granted certiorari solely on the issue of the definition of an automatic telephone dialing system. *Facebook, Inc. v. Duguid*, 141 S. Ct. 193 (2020).

In reaching today's decision, the Court disagrees with the district court decisions in *Lindenbaum v. Realgy, LLC*, __ F. Supp. 3d __, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020) and *Creasy v. Charter Comm'ns Inc.*, No. CV 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020). Both cases ignore the pronouncements in the plurality decision as articulated by Justice Kavanaugh and joined by six other justices and adopt the position of the two-justice dissent. *Lindenbaum* criticizes the Supreme Court for "wav[ing] a magic wand [to] make [the] constitutional violation disappear." *Id.* at *7. *Creasy* concludes that Justice Gorsuch's dissent is "the better argument of law and logic." *Id.* at *2.

Whatever this Court may think of the Supreme Court's logic or conclusions, it does not dismiss such conclusions so lightly. Even if it was only dicta, as argued by Defendant, the district court is not at liberty to completely ignore this pronouncement. *See, e.g.*, *United States v. Montero-Camargo*, 208 F.3d 1122, 1133 n.17 (9th Cir. 2000) ("Supreme Court dicta have a weight that is greater than ordinary judicial dicta as prophecy of what the court might hold; accordingly we do not blandly shrug them off because they were not a holding.") (quotation omitted). The Eleventh Circuit articulately explained:

> We have always believed that when the Founders penned Article III's reference to the judicial power being rested 'in one Supreme Court and in such inferior Courts' as Congress may establish, they used 'superior' and 'inferior' as contrasting adjectives, with us being on the short end of the contrast. It would never occur to use to tell the Supreme Court that we would decide our cases based on our analysis of its decisions, not its own analysis of them if that analysis had been announced in a case where it was not essential to the result . . . . [T]here is dicta, and then there is Supreme Court dicta.

*Schwab v. Crosby*, 451 F.3d 1308, 1325 (11th Cir. 2006) (citation omitted). The Eleventh Circuit cites numerous cases recognizing that "dicta from the Supreme Court is not

something to be lightly cast aside." *Id.*; *see, e.g.*, *McCoy v. Mass. Ins. of Tech.*, 950 F.2d, 13, 19 (1st Cir. 1991) ("We think that federal appellate courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when . . . a dictum is of recent vintage and not enfeebled by any subsequent statement."); *Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 561 (3rd Cir. 2003) (en banc) ("Although the Committee is doubtless correct that the Supreme Court's dicta are not binding on us, we do not view it lightly."); *Wynne v. Town of Great Falls*, 376 F.3d 292, 298 n.3 (4th Cir. 2004) ("[W]ith inferior courts, like ourselves . . . carefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative."); *United States v. Becton*, 632 F.2d 1294, 1296 n.3 (5th Cir. 1980) ("We are not bound by dicta, even of our own court . . . . Dicta of the Supreme Court are, of course, another matter.").

Ultimately, this Court concludes that Justice Kavanaugh's statement that the *AAPC* decision "does not negate the liability of parties who made robocalls covered by the robocall restriction" if they were not made for the purposes of federal debt collection is not dicta because it was joined by six other justices. However, even if it was dicta, this Court finds it signals the intent of the Supreme Court and what it would hold in future cases and, as such, may not be cavalierly dismissed by a district court.

## IV. CONCLUSION AND ORDER

This case involves allegations of the use of an automatic telephone dialing system and a prerecorded voice to sell cruise packages, not to collect a federal government debt. Justice Kavanagh's statement in *AAPC* makes it clear that the TCPA still applies to this conduct even though it occurred between 2015 and 2020. Therefore, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**. (ECF No. 196.)

**IT IS SO ORDERED.**

**DATED: January 28, 2021**

Hon. Cynthia Bashant
United States District Judge