**EXHIBIT E**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00919-DOC (JDE) | Date | January 31, 2021 |
|---|---|---|---|
| Title | KENNETH JOHANSEN V. LOANDEPOT.COM LLC, ET AL. | | |

| Present: The Honorable | David O. Carter, United States District Judge |
|---|---|

| Kelly Davis | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**PROCEEDINGS:** (IN CHAMBERS) ORDER RE: DEFENDANTS' MOTION TO DISMISS [43] AND JOINDER [53]

## I. INTRODUCTION

On May 19, 2020, Plaintiff Kenneth Johansen ("Plaintiff") filed a putative class action Complaint against LoanDepot.com LLC ("LoanDepot") and John Doe Corporation d/b/a Waterfront Consulting under the Telephone Consumer Protection Act ("TCPA"), alleging that illegal telemarketing calls were made to residential numbers listed on the National Do Not Call Registry. Dkt. 1. On September 18, 2020, Plaintiff filed the operative First Amended Complaint ("FAC") against LoanDepot and Ascend Marketing, LLC[1] ("Ascendant") (collectively, "Defendants") alleging: (1) a statutory violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) and (2) knowing and/or willful violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Dkt. 32.

On July 6, 2020, the Supreme Court decided *Barr v. Am. Ass'n of Political Consultants, Inc.* ("*AAPC*"), 591 U.S. --, 140 S. Ct. 2335 (2020). In *AAPC*, the Court considered the constitutionality of the "government-debt exception" to TCPA's "robocall restriction," 47 U.S.C. § 227(b)(1)(A)(iii). In a plurality decision, the Court held that "the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall restriction." *AAPC*, 140 S. Ct. at 2348. The Court found the government-debt exception, added by amendment in 2015, was content-based, subjecting it to strict scrutiny, which the government could not satisfy. *Id.* at 2346-47. To cure the unconstitutional exception, a seven-member majority of the Court (including Justices Breyer, Ginsburg, Kagan, and Sotomayor, who concurred in the judgment with respect to severability) invalidated the government-debt exception and severed it from the rest of the statute. *Id.* at 2343, 2356.

On October 16, 2020, LoanDepot filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6), on the ground that the TCPA is unenforceable in this action as it

---

[1] This defendant was subsequently dropped from the action and Ascendant Marketing Group, LLC was added. *See* Dkt. 47-48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:20-cv-00919-DOC (JDE) | Date | December __, 2020 |
|---|---|---|---|
| Title | KENNETH JOHANSEN V. LOANDEPOT.COM LLC, ET AL. | | |

violated the First Amendment at the time the calls were made.² Dkt. 43 ("Motion"). LoanDepot filed a Notice of Supplemental Authorities on October 30, 2020. Dkt. 45. Plaintiff filed an Opposition to the Motion on November 2, 2020 (Dkt. 46, "Opp."), and LoanDepot filed a Reply on November 9, 2020 (Dkt. 49). On November 13, 2020, Ascendant filed a Joinder of Motion, in which it adopted, joined, and incorporated LoanDepot's arguments for dismissal. Dkt. 53.

On November 17, 2020, Plaintiff filed a Notice of Constitutional Question Pursuant to Rule 5.1, providing notice that Defendants challenge the constitutionality of 47 U.S.C. § 227(c)(5) of the TCPA. Dkt. 57.

On December 11, 2020, LoanDepot filed a second Notice of Supplemental Authorities (Dkt. 65) and on December 14, 2020, Plaintiff filed a Response thereto, also including additional authority. Dkt. 66.

On November 13, 2020, the Court ordered the Motion to be decided without oral argument. Dkt. 55. The Motion is fully briefed and ready for decision. For the following reasons, the Court **DENIES** the Motions.

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. "Subject-matter jurisdiction" "refers to a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.'" *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." Dismissal for failure to state a claim may be granted where a claim: (1) lacks a cognizable legal theory; or (2) alleges insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and

---

² Although LoanDepot did not reference Rule 12(b)(1) in the Notice of Motion or Introduction, elsewhere in the Motion it alleges that dismissal also is proper under Rule 12(b)(1) because the Court lacks subject matter jurisdiction. *See* Motion at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:20-cv-00919-DOC (JDE) | Date | December __, 2020 |
|---|---|---|---|
| Title | KENNETH JOHANSEN V. LOANDEPOT.COM LLC, ET AL. | | |

construed in the light most favorable to the plaintiff. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is "not akin to a 'probability requirement,'" but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

LoanDepot contends the TCPA is unenforceable against it because the TCPA violated the First Amendment at the time the calls at issue were made. Motion at 1. LoanDepot claims the Supreme Court held in *AAPC* that "the TCPA, as written, was an unconstitutional, content-based suppression on speech." *Id.* at 2. According to LoanDepot, while the Supreme Court severed the unconstitutional 2015 government-debt exception, this was done on a prospective basis and therefore, the entire TCPA was unconstitutional from 2015 (when the government-debt exception was added) to July 6, 2020 (the date of the Supreme Court's decision). Because the alleged calls at issue occurred during the period of time when the TCPA was unconstitutional, LoanDepot maintains this Court lacks subject matter jurisdiction over the calls at issue. In support of this contention, LoanDepot cites three recent out-of-circuit district court decisions finding that the courts lacked subject matter jurisdiction over alleged violations of the TCPA that occurred between the enactment of the government-debt exception and the Supreme Court's decision in *AAPC*. *See id.* at 2, 4, 6-7; Dkt. 45, 65.

In his Opposition, Plaintiff counters that LoanDepot's Motion "raises an issue that has no bearing on this litigation," arguing that the Supreme Court's decision in *AAPC* related to the constitutionality of TCPA's robocall provision, specifically, 47 U.S.C. § 227(b)(1)(A)(iii), and does not apply to the separate subsection at issue in this case, TCPA's National Do Not Call Registry provision, 47 U.S.C. § 227(c)(5). Opp. at 1, 3. Plaintiff argues that the district court cases cited by LoanDepot "underscore the inapplicability of [LoanDepot's] argument relating to the constitutionality of the robocall provision to Plaintiff's claims under 47 U.S.C. § 227(c)(5)." *Id.* at 2.

As explained below, the Court finds that *AAPC* does not bar the claims here. The Court in *AAPC* did not conclude that the entire TCPA was unconstitutional.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:20-cv-00919-DOC (JDE) | Date | December __, 2020 |
|---|---|---|---|
| Title | KENNETH JOHANSEN V. LOANDEPOT.COM LLC, ET AL. | | |

As LoanDepot correctly notes, the Supreme Court "ordinarily will not decide questions not raised or litigated in the lower courts." *City of Springfield v. Kibbe*, 480 U.S. 257, 259 (1987) (per curiam). The plaintiffs' briefing in *AAPC* as well as the *AAPC* decision itself indicates that plaintiffs challenged only a limited provision within the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and did not seek to invalidate the entire statute. Plaintiffs in *AAPC* alleged in the operative complaint that Section 227(b)(1)(A)(iii) (referred to as the "cell phone call ban") "is an unconstitutional violation of their First Amendment rights because it is content-based and cannot withstand strict scrutiny." *AAPC v. Lynch*, Case No. 5:16-cv-00252-D (E.D.N.C.), Dkt. 18 ¶ 2. Plaintiffs sought declaratory and injunctive relief, finding the cell phone call ban unconstitutional and enjoining its enforcement. *Id.*, Prayer for Relief. On appeal, the plaintiffs further clarified that "[t]his case is an appeal to the cell phone call ban, only" and they "do not challenge the entirety of the TCPA . . . ." *AAPC v. FCC*, Case No. 18-1588 (4th Cir.), Dkt. 15 ¶ 19. The plaintiffs' briefing to the Supreme Court similarly reflected the limited scope of their lawsuit. The plaintiffs framed the question presented as follows: "Whether the TCPA's cellphone-call prohibition is an unconstitutional content-based restriction of speech, and if so whether the Fourth Circuit erred in addressing the constitutional violation by broadening the prohibition to abridge more speech." *AAPC*, Case No. 19-631, 2020 WL 1478621, at *i (Brief for Respondents). The Supreme Court's decision reiterated the relief being sought, explaining that the case concerned "robocalls to cell phones," and that the plaintiffs requested to "invalidate the entire 1991 robocall restriction, rather than simply invalidating the 2015 government-debt exception." 140 S. Ct. at 2343; *see also id.* at 2363 (Gorsuch, J., concurring in judgment in part and dissenting in part) ("The only provision before us today . . . concerns robocalls to cell phones, mobile devices, or 'any service for which the called party is charged for the call.'" (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). Thus, the Supreme Court had no occasion to consider the constitutionality of 47 U.S.C. § 227(c), a separate provision of the TCPA, and the only one at issue in this action.[3]

Moreover, the fact that a portion of the TCPA was found unconstitutional does not necessarily render the entire statute unconstitutional. As the Supreme Court has explained, "[t]he unconstitutionality of a part of an act does not necessarily defeat or affect the validity of its remaining provisions." *Champlin Refin. Co. v. Corp. Comm'n of State of Okla.*, 286 U.S. 210, 234 (1932); *see also Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 588 (2012)

---

[3] Indeed, as the plurality opinion suggested, the plaintiffs may have lacked standing to challenge any other provision of the TCPA. *See AAPC*, 140 S. Ct. at 2351 (explaining that the presumption of severability "recognizes that plaintiffs who successfully challenge one provision of a law may lack standing to challenge *other* provisions of that law").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00919-DOC (JDE) | Date | December __, 2020 |
|---|---|---|---|
| Title | KENNETH JOHANSEN V. LOANDEPOT.COM LLC, ET AL. | | |

(finding the Affordable Care Act "constitutional in part and unconstitutional in part"). As Justice Kavanaugh explained in his plurality opinion in *AAPC*, "[c]onstitutional litigation is not a game of gotcha against Congress, where litigants can ride a discrete constitutional flaw in a statute to take down the whole, otherwise constitutional statute." 140 S. Ct. at 2351. Courts "must 'refrain from invalidating more of the statute than is necessary,'" *United States v. Booker*, 543 U.S. 220, 258 (2005) (quoting *Regan v. Time, Inc.*, 468 U.S. 641, 652 (1984) (plurality opinion)), because "[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people." *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329 (2006) (alteration in original) (quoting *Regan*, 468 U.S. at 652); *see also Hamad v. Gates*, 732 F.3d 990, 1000-01 (9th Cir. 2013). Thus, the "normal rule" is "that partial, rather than facial, invalidation is the required course." *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 504 (1985); *see also AAPC*, 140 S. Ct. at 2350 (explaining that courts presume "an unconstitutional provision in a law is severable from the remainder of the law or statute"); *Bank of Hamilton v. Lessee of Dudley*, 27 U.S. 492, 526 (1829) ("If any part of the act be unconstitutional, the provisions of that part may be disregarded while full effect will be given to such as are not repugnant to the constitution of the United States . . . ."). Since *Marbury v. Madison*, 5 U.S. 137 (1803), "the Court's remedial preference after finding a provision of a federal law unconstitutional has been to salvage rather than destroy the rest of the law passed by Congress and signed by the President." *See AAPC*, 140 S. Ct. at 2350. The Court's presumption of severability avoids leaving courts with "broad license to invalidate more than just the offending provision." *Id.* at 2351 n.7. Indeed, where as here, Congress expressly included a severability clause in the Communications Act, applicable to Section 227 of Title 47, courts should adhere to the text of the severability clause, "making clear that the unconstitutionality of one provision does not affect the rest of the law." *See id.* at 2349-52.

Here, the 2015 amendment at issue in *AAPC* had no impact on Section 227(c). Thus, Section 227(c) remained "fully operative as a law" during the intervening years between the 2015 amendment and the Supreme Court's decision. *See Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 509 (2010). The 2015 amendment having been found unconstitutional, has no bearing on Section 227(c), which remains valid. *See Truax v. Corrigan*, 257 U.S. 312, 342 (1921).

The three district court decisions cited by Defendants did not hold otherwise. As to the first two cases, both involved the robocall restriction at issue in *AAPC*, 47 U.S.C. § 227(b)(1)(A)(iii). Neither case involved an alleged violation of Section 227(c), the provision at issue here. In *Creasy v. Charter Commc'ns, Inc.*, Case No. 20-1199, 2020 WL 5761117, at *8 (E.D. La. Sept. 28, 2020), the district court found that "[t]he Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00919-DOC (JDE) | Date | December __, 2020 |
|---|---|---|---|
| Title | KENNETH JOHANSEN V. LOANDEPOT.COM LLC, ET AL. | | |

Court's decision in *AAPC* cannot logically be read as anything other than a ruling that § 227(b)(1)(A)(iii) was unconstitutional in the form in which the Court received it. *That version of the provision, which included the government-debt exception that the Court has now severed, was unconstitutional when [the defendant] engaged in all but one of the allegedly illegal communications the plaintiffs complain of.*" The second case, *Lindenbaum v. Realgy*, Case No. 1:19- CV 2862, 2020 WL 6361915, at *1-2 (N.D. Ohio Oct. 29, 2020), *appeal filed* (November 30, 2020) (Case No. 20-4252), similarly found that *AAPC* "addressed the constitutionality of 47 U.S.C. § 227(b)(1)(A)(iii)." These cases focused on the limited provision at issue in *AAPC*, and as such, these cases are distinguishable.

Defendants recently filed a Notice of Supplemental Authorities, citing a third case, *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, Case No. 5:20-cv-38-Oc-30PRL, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020). Dkt. 65. However, as Plaintiff notes in his Response, this decision, like *Creasy* and *Lindenbaum*, did not hold that Section 227(c)(5) was invalid. As in *Creasy* and *Lindenbaum*, the plaintiffs in *Hussain* alleged violations of Section 227(b), the same subsection at issue in *AAPC*. They did not allege any violations under Section 227(c), as alleged here. *Hussain*, Case No. 5:20-cv-38-Oc-30PRL, Dkt. 27. Further, in Plaintiff's Response, he cites another district court case, *Abramson v. Federal Insurance Co.*, Case No. 8:19-cv-2523-T-60AAS, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020), rejecting "the proposition that federal courts lack subject matter jurisdiction to hear TCPA robocall claims for five years . . . ." Dkt. 66. In *Abramson*, 2020 WL 7318953, at*2, the district court rejected the defendant's argument that the *AAPC* decision precluded the plaintiff from bringing claims under the remainder of Section 227(b), finding that "the vast majority of cases [the] Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*. The Court finds Defendants' reliance on *Hussain* unpersuasive.

### IV. CONCLUSION
For the foregoing reasons, the Court **DENIES** Defendants' Motions (Dkt. 43, 53).

**IT IS SO ORDERED.**

| | Initials of Courtroom Deputy | kd |
|---|---|---|