## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

DATED: April 6, 2021

/s/ *Ryan D. Watstein*
**KABAT CHAPMAN & OZMER LLP**
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500

1

203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

Defendant Charter Communications, Inc. ("Charter") hereby gives notice of new, persuasive authority that supports its Motion for Judgment on the Pleadings (Doc. 47; Doc. 57): *Cunningham v. Matrix Fin. Servs., et al*., No. 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021) (rejecting report and recommendation of magistrate).

Just as Charter argued here—and for similar reasons—Judge Amos L. Mazzant III held that *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020) ("*AAPC*") deprives federal courts of subject matter jurisdiction over alleged violations of the automated-call ban that took place during the time it contained the government-debt exception. *Id*. at *11. The court consequently dismissed the plaintiff's TCPA claim because it was premised entirely on calls that occurred while the automated-call ban was unconstitutional. *Id.* ("these statutory offenses are not constitutionally sound—and are therefore inoperative."). In doing so, the court: (1) held that footnote 12 of *AAPC* is dictum that, if read as plaintiff suggests, "contradicts the judgment of the Supreme Court in *AAPC*"; and (2) declined to hold that severance applied retroactively because doing so would unconstitutionally "impose retroactive liability for conduct expressly authorized by Congress"; and (3) rejected the argument that the government debt exception was void *ab initio* because giving that argument "credence" would "neglect the 'operative fact' that the government-debt exception actually existed prior to 'a determination of unconstitutionality.'" *Id*. at *7-8, 10-11 (cleaned up). A true and correct copy of Judge Mazzant's decision is attached as Exhibit A.

DATED: April 6, 2021

**KABAT CHAPMAN & OZMER LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300

(404) 400-7333 (fax)
*Counsel for Defendant Charter Communications, Inc.*

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

**CERTIFICATE OF SERVICE**

I certify that today I electronically filed this ***DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS*** with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: April 6, 2021.  /s/ *Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)