UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY FILED ON MARCH 8, 10, AND 17**

Defendant Charter Communications, Inc. ("Charter") hereby requests leave to file the attached response to Plaintiff's notices of supplemental authority in opposition to Charter's motion for judgment on the pleadings. *See* Docs. 81, 82, and 83. Plaintiff's notices direct the Court to orders in several purportedly relevant cases.[1] For the reasons set forth below and in the attached response, two of these cases have nothing to do with the question before the Court on Charter's motion for judgment on the pleadings: whether the speech restriction that was held content-discriminatory by the Supreme Court—47 U.S.C. § 227(b)(1)(A)(iii)—can nonetheless be enforced in an unequal manner against conduct allegedly committed during the time the restriction was discriminatory. The remaining cases were wrongly decided.

On the former point, *Gabertan v. Walmart, Inc.* and *Johansen v. Loandepot.com, LLC* are entirely irrelevant because neither case addresses whether the Court has subject matter jurisdiction

---

[1] *See Bakov v. Consolidated World Travel*, No. 1:15-cv-02980, ECF 332 (N.D. Ill. Mar. 8, 2021); *Bonkuri v. Grand Caribbean Cruises, Inc.*, No. 0:20-cv-60638, ECF 38 (S.D. Fla. Jan. 19, 2021); *Miles v. Medicredit, Inc.*, No. 4:20-cv-001186, ECF 28 (E.D. Mo. Mar. 9, 2021); *Boisvert v. Carnival Corp.*, No. 8:20-cv-02076, ECF 30 (M.D. Fla. March 12, 2021); *Massaro v. Beyond Meat, Inc.*, No. 3:20-cv-00510, ECF 92 (S.D. Cal. Mar. 12, 2021); *Gabertan v. Walmart, Inc.*, No. 3:20-cv-05520, ECF 73 (W.D. Wash. Mar. 5, 2021); *Distasio v. Edible Arrangements, LLC*, No. 3:16-cv-00538, ECF 135 (D. Conn. Feb. 1, 2021); *Johansen v. Loandepot.com, LLC*, No. 8:20-cv-00919, ECF 71 (C.D. Cal. Jan. 31, 2021); and *Rieker v. National Car Cure, LLC*, No. 3:20-cv-05901, ECF 10 (N.D. Fla. Jan. 5, 2021).

over alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii) arising prior to the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020). *Gabertan* explicitly states that it "need not reach" the subject matter jurisdiction argument. *See* 3:20-cv-05520, ECF No. 73 n.3. And *Johanssen* addressed a claim under an entirely different section of the statute, 227(c). *See* No. 8:20-cv-00919, ECF No. 71 at *5.

As to the other cases, to the extent they stand for the proposition that the unconstitutional speech restriction at issue can be enforced in an unequal manner before *AAPC*, they were incorrectly decided and inconsistent with the *binding majority holding* in *AAPC* as well as unanimous Supreme Court precedent.

For one, the majority (six Justices) in *AAPC* held that the "robocall restriction, with the government-debt exception" is unconstitutional because it "violates the First Amendment" to "favor[] debt-collection speech over political and other speech." 140 S. Ct. at 2343, 2346-47. The necessary result of this core holding is that Charter cannot face liability for the same speech government collectors were permitted to make. Further, retroactively removing the government debt exception as if it never existed—which is the necessary implication of the erroneous district court opinions finding that *AAPC*'s severance is retroactive—would impose trillions in liability on government collectors for conduct Congress expressly deemed legal via the government debt exception. *See, e.g.*, *Boisvert*, No. 8:20-cv-02076, ECF 30, at 5-6.

Charter respectfully requests the opportunity to briefly expound on the points discussed above and to further explain why the cases cited by Plaintiff do not alter the conclusion that this Court lacks subject matter jurisdiction over Plaintiff's lawsuit.

Dated: April 6, 2021    **KABAT CHAPMAN & OZMER LLP**

/s/ Ryan D. Watstein
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT 06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

4

## **CERTIFICATE OF SERVICE**

I certify that today I filed the foregoing document using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

DATED: April 6, 2021                    */s/ Ryan D. Watstein*
                                        Ryan D. Watstein (*pro hac vice*)