UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL
AUTHORITY FILED ON MARCH 8, 10, AND 17**

Defendant Charter Communications, Inc. ("Charter") hereby responds to Plaintiff's notices of supplemental authority in opposition to Charter's motion for judgment on the pleadings. *See* Docs. 81, 82, and 83. Plaintiff's notices direct the Court to orders in the following cases: *Bakov v. Consolidated World Travel*, No. 1:15-cv-02980, ECF 332 (N.D. Ill. Mar. 8, 2021); *Bonkuri v. Grand Caribbean Cruises, Inc.*, No. 0:20-cv-60638, ECF 38 (S.D. Fla. Jan. 19, 2021); *Miles v. Medicredit, Inc.*, No. 4:20-cv-001186, ECF 28 (E.D. Mo. Mar. 9, 2021); *Boisvert v. Carnival Corp.*, No. 8:20-cv-02076, ECF 30 (M.D. Fla. March 12, 2021); *Massaro v. Beyond Meat, Inc.*, No. 3:20-cv-00510, ECF 92 (S.D. Cal. Mar. 12, 2021); *Gabertan v. Walmart, Inc.*, No. 3:20-cv-05520, ECF 73 (W.D. Wash. Mar. 5, 2021); *Distasio v. Edible Arrangements, LLC*, No. 3:16-cv-00538, ECF 135 (D. Conn. Feb. 1, 2021); *Johansen v. Loandepot.com, LLC*, No. 8:20-cv-00919, ECF 71 (C.D. Cal. Jan. 31, 2021); and *Rieker v. National Car Cure, LLC*, No. 3:20-cv-05901, ECF 10 (N.D. Fla. Jan. 5, 2021). As set forth below, two of these cases are entirely irrelevant to the question before the Court on Charter's motion for judgment on the pleadings: whether the speech restriction that was held content-discriminatory by the Supreme Court—47 U.S.C. § 227(b)(1)(A)(iii)—can nonetheless be enforced in an unequal manner against conduct allegedly committed during the time the restriction was discriminatory. The remaining cases were incorrectly decided.

1

I.     *Gabertan v. Walmart* and *Johanssen v. Loandepot.com, LLC*.

Neither *Gabertan* nor *Johanssen* is relevant to Charter's pending motion because neither case addresses whether the Court has subject matter jurisdiction over alleged violations of 47 U.S.C. § 227(b)(1)(A)(iii) arising prior to the Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020). *Gabertan* explicitly states in footnote 3 that it "need not reach" the subject matter jurisdiction argument. *See* 3:20-cv-05520, ECF No. 73. Similarly, *Johanssen* addressed a claim under an entirely different section of the statute, 227(c). *See* No. 8:20-cv-00919, ECF No. 71 at *5 ("the 2015 amendment at issue in *AAPC* had no impact on Section 227(c)"). Because neither case addressed the relevant question, they are entirely irrelevant to Charter's motion.

II.    **Remaining Cases.**

To the extent the remaining cases purport to stand for the proposition that the unconstitutional speech restriction at issue in Charter's pending motion can be enforced in an unequal manner pre-*AAPC*, they were incorrectly decided, and inconsistent with the *binding majority holding* in *AAPC* as well as prior binding, unanimous Supreme Court precedent.

The majority in *AAPC* held that the "robocall restriction, with the government-debt exception" is unconstitutional because it "violates the First Amendment" to "favor[] debt-collection speech over political and other speech." 140 S. Ct. at 2343, 2346-47. Six Justices joined this holding. *Id*. at 2343. This core holding means that Charter cannot face liability for the same speech government collectors were permitted to make. If the Constitution requires equal treatment in 2021, it also requires it between 2019-20, when the calls in this case allegedly occurred. The Supreme Court unanimously reached this same conclusion fifty years ago in *Grayned v. City of Rockford*. 408 U.S. 104, 107 n.2 (1972) (in reversing conviction under speech restriction, concluding that statutory speech restriction on protesting was unconstitutional, not exception allowing labor protests, even though exception is what created the constitutional infirmity).

Further, retroactively removing the government debt exception as if it never existed— which is the necessary implication of the erroneous district court opinions finding that *AAPC*'s

severance is retroactive—would impose trillions in liability on government collectors for conduct Congress expressly deemed legal via the government debt exception. *See, e.g.*, *Boisvert*, No. 8:20-cv-02076, ECF 30, at 5-6. That is an impossible result, as courts cannot impose *ex post facto* liability, particularly not retroactive liability that would bankrupt any company that collected government debt. *See Marks v. United States*, 430 U.S. 188, 191–92 (1977) (constitutional right to be free from ex post facto laws is "protected against judicial action by the Due Process Clause of the Fifth Amendment."). The only solution to that constitutional problem is exempting all government collectors from liability from 2015-20 based on "fair notice" or due process. Doing so, however, asks the judiciary to permit the exact same rule that *AAPC* deemed unconstitutional: "everyone is liable but government debt collectors." 140 S. Ct. at 2343, 2346-47 (Six Justices holding restriction was unconstitutional for this exact reason). But, the judiciary, of course, is just as powerless as Congress to create a rule or remedy that violates the First Amendment or to apply a statute in such a manner. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 570 (1976) (district court order restraining coverage of trial violated First Amendment; courts may only impose speech restrictions if no less speech restrictive options available).

Thus, the only way to avoid a constitutional violation is to not enforce the restriction from 2015-20, as Charter has argued in its moving papers, and as several courts, as well as the ACLU and several of the Country's most prominent Constitutional scholars, have agreed is the only permissible result. *See Creasy v. Charter Comms., Inc.*, --- F. Supp. 3d ----, 2020 WL 5761117 (E.D. La. Sept. 28, 2020); *Lindenbaum v. Realgy, LLC*, --- F. Supp. 3d ----, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020); *Lindenbaum v. Realgy, LLC*, No. 20-4252, ECF 37-1, (6th Cir. Mar. 18, 2021); *Cunningham v. Matrix Fin. Servs., et al.*, No. 4:19-CV-896, 2021 WL 1226618, at *1 (E.D. Tex. Mar. 31, 2021).

Dated: April 6, 2021.

        **KABAT CHAPMAN & OZMER LLP**

        */s/ Ryan D. Watstein*
        Ryan D. Watstein (*pro hac vice*)
        rwatstein@kcozlaw.com
        171 17th Street NW, Suite 1550
        Atlanta, Georgia 30363
        (404) 400-7300
        (404) 400-7333 (fax)

        Paul A. Grammatico (*pro hac vice*)
        pgrammatico@kcozlaw.com
        333 S. Grand Avenue, Suite 2225
        Los Angeles, California 90071
        (213) 493-3988
        (404) 400-7333 (fax)

        **ROBINSON & COLE LLP**

        Brian E. Moran
        Connecticut Bar No. ct05058
        bmoran@rc.com
        Trevor L. Bradley
        Connecticut Bar No. ct29993
        tbradley@rc.com
        1055 Washington Boulevard
        Stamford, CT 06901
        203-462-7500
        203-462-7599 (fax)

        *Counsel for Defendant Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that today I filed **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICES OF SUPPLEMENTAL AUTHORITY FILED ON MARCH 8, 10, AND 17** using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

DATED: April 6, 2021                     */s/ Ryan D. Watstein*
                                        Ryan D. Watstein (*pro hac vice*)