**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S NOTICE OF THE SUPREME COURT'S DECISION IN *FACEBOOK***

Defendant Charter Communications, Inc. hereby notifies the Court that the Supreme Court decided *Facebook, Inc. v. Duguid*, --- S.Ct. ---, 2021 WL 1215717 (U.S. Apr. 1, 2021), thereby mooting Charter's pending motion to stay. *See* Doc. 49; Doc. 59.

As Charter predicted in its motion to stay, the Supreme Court held (unanimously) that "a necessary feature of an autodialer under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called," rejecting the standard adopted by the Second Circuit in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2nd Cir. 2020). *See Facebook*, 2021 WL 1215717, at *7. *Facebook* therefore eliminates Plaintiff's lawsuit because the dialing platform at issue "does not have the capacity to generate random or sequential phone number, or to generate any numbers itself," and Plaintiff has adduced no evidence to the contrary during the nearly fourteen months this case has been pending. Doc. 49-2 ¶ 9 ("The Platform can only communicate with the phone numbers that are provided to Spectrum Mobile by customers"). Given *Facebook*, Charter will confer with Plaintiff's counsel regarding voluntary dismissal as there is no basis to proceed. Indeed, Plaintiff's complaint does not even allege that the dialing platform at issue has the capacity to *generate* random or sequential phone numbers, as

1

2

*Facebook* requires. *See generally* Doc. 1 (relying on "human intervention" test the Supreme Court rejected in *Facebook* and alleging that the platform at issue can only "store, produce, and dial random or sequential numbers" without averring the system can "generate" any such phone numbers).

| | |
|---|---|
| DATED: April 7, 2021 | **KABAT CHAPMAN & OZMER LLP** |
| | |
| | */s/ Ryan D. Watstein*<br>Ryan D. Watstein (*pro hac vice*)<br>rwatstein@kcozlaw.com<br>171 17th Street NW, Suite 1550<br>Atlanta, Georgia 30363<br>(404) 400-7300<br>(404) 400-7333 (fax)<br>*Counsel for Defendant Charter Communications, Inc.* |
| | |
| | Paul A. Grammatico (*pro hac vice*)<br>pgrammatico@kcozlaw.com<br>333 S. Grand Avenue, Suite 2225<br>Los Angeles, California 90071<br>(213) 493-3988<br>(404) 400-7333 (fax) |
| | |
| | **ROBINSON & COLE LLP** |
| | |
| | Brian E. Moran<br>Connecticut Bar No. ct05058<br>bmoran@rc.com<br>Trevor L. Bradley<br>Connecticut Bar No. ct29993<br>tbradley@rc.com<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>203-462-7500<br>203-462-7599 (fax) |

## **CERTIFICATE OF SERVICE**

I certify that today I electronically filed this ***DEFENDANT'S NOTICE OF THE SUPREME COURT'S DECISION IN FACEBOOK*** with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: April 7, 2021    */s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)