UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO STRIKE</u>**

Plaintiff's motion to strike is intended to prevent the Court from reviewing authority that will significantly aid its decision on the novel constitutional issue raised in Charter's motion for judgment on the pleadings. Charter's motion has been pending since August 26, 2020 (ECF 47), and there have been significant developments in the courts since then. The letter brief at issue succinctly responds to all the authorities adverse to Charter's arguments at once; thus, it will assist the Court in reaching the correct result on an important constitutional issue not yet addressed by the circuit courts. This is particularly true given the letter brief is a short summary of points honed over a year of briefing and argument in the first circuit court case addressing Charter's same contentions, currently pending before the Sixth Circuit. For these reasons and those explained below, the Court should deny Plaintiff's motion to strike or, alternatively, permit Plaintiff to file a response to the cited authority and Charter a reply thereafter.

To start, Plaintiff's contention that Charter's notice does not cite "authority" is mistaken. Plaintiff's narrow definition of "authority" is unsupported by citation to any local rules or cases from this District—likely because the District of Connecticut lacks specific rules governing supplemental authority.

1

And Plaintiff's contention that Charter's submission is "as transparent an improper sur-reply as defense counsel could possibly file" is false hyperbole supported only by one citation to an *out-of-district* case applying *different* rules—ones that would also render all of *Plaintiff's* notices improper too, no less, because the very case cited by Plaintiff declared that "notices of supplemental authority were precluded" as a general matter by the Eastern District of New York. ECF 94 at 1.

Charter's letter brief does not discuss the specific facts of this case and, therefore, cannot be a sur-reply. Rather, it identifies errors in the numerous district court opinions that Plaintiff has filed as supplemental authority in opposing Charter's motion. In so doing, the letter brief will assist the Court in deciding the novel constitutional issue raised in Charter's motion. The Sixth Circuit Appeal in *Lindenbaum v. Realgy, LLC*, No. 20-4252 (6th Cir.), in which the letter brief at issue here was submitted, is the only case in which a circuit court is currently considering the same constitutional issue, and the briefing there is substantially more developed than it is in this case. Thus, filings in that case are relevant (and helpful to the Court) here. That remains true regardless of whether the undersigned authored some of those filings.

Charter therefore respectfully requests that the Court deny Plaintiff's motion to strike. In the event the Court deems other relief appropriate, Charter states that it would not oppose granting Plaintiff leave to file a brief response to Charter's notice of supplemental authority, provided Charter is also allowed a reply. A reply to Plaintiff's response would be appropriate here because: (a) such briefing would assist the Court in deciding the pending motion; (b) Charter is the moving party; and (c) Charter should be given an opportunity to respond if Plaintiff specifically addresses the facts of the instant case, which Charter did not do in its notice of supplemental authority.

Dated: September 9, 2021.

KABAT CHAPMAN & OZMER LLP

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com

3

171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E. Moran
Connecticut Bar No. ct05058
bmoran@rc.com
Trevor L. Bradley
Connecticut Bar No. ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT  06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that today I filed the foregoing using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

DATED: September 9, 2021                */s/ Ryan D. Watstein*
                                        Ryan D. Watstein (*pro hac vice*)