UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>  Defendant. | Case No.: 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY CITING *LINDENBAUM V. REALGY, LLC* (DOC. 97)**

Defendant Charter Communications, Inc. hereby requests leave to file the attached response to Plaintiff's notice of supplemental authority in opposition to Charter's motion for judgment on the pleadings. *See* Doc. 97. Plaintiff's notice directs the Court to the Sixth Circuit's decision in *Lindenbaum v. Realgy, LLC*.[1] *Lindenbaum* contains several critical errors that render it wrongly decided. For the reasons set forth below and in the attached response, the Court should grant Charter's motion for leave to review these errors before deciding Charter's pending motion.

For example, the Sixth Circuit erred in holding that when the Supreme Court severs a provision of a statute, that severance *always* operates retroactively, such that courts must engage in the legal fiction that the severed provision (and any constitutional harm it perpetrated) never existed. Long-standing First Amendment precedent and recent Supreme Court cases confirm that both parts of that conclusion are false. To the first premise, recent Supreme Court precedent makes clear that the test for whether severance applies retroactively or prospectively requires determining whether retroactive application would violate the constitution. In other words, if applying

---

[1] Plaintiff's notice also artfully claims that Charter attempted to "mislead" the Court because it stated the *Lindenbaum* appeal was still pending in its response in opposition to Plaintiff's motion to strike. Plaintiff's assertion is too clever by half. *Lindenbaum* issued the **same** day Charter's response was due, and the defendant in *Lindenbaum* (which the undersigned represents) will likely petition the Supreme Court for certiorari given *Lindenbaum*'s myriad errors, which are discussed in the attached response.

1

severance retroactively would violate the constitutional rights of the litigants *or* others, then it **must** apply "*prospectively*" (to quote Justice Ginsburg's binding majority decision). *See Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1701 (2017). Thus, *Sessions* disproves *Lindenbaum*'s premise that "severance … would have to be a legislative act in order to operate only prospectively."

Regarding the second core premise of *Lindenbaum*, courts cannot ignore the real-world fact that an unconstitutional provision existed prior to severance and inflicted real-world harm—even where severance operates retroactively. Several Supreme Court cases from the last two terms make clear that in such cases, the remedy must be tailored to that harm. Here, that means not enforcing the speech restriction against Charter, since any other result would mean that two speakers were treated differently for the same speech in violation of the express, binding holding of *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020). Indeed, *Lindenbaum* is the first instance in which a Circuit Court has ***ever*** imposed liability under a discriminatory speech restriction, without later being reversed by the Supreme Court.

Charter respectfully requests the opportunity to briefly expound on the points discussed above and to further explain why *Lindenbaum* does not alter the conclusion that the Court should grant Charter's motion.

Dated:  September 28, 2021	**KABAT CHAPMAN & OZMER LLP**

*/s/ Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
rwatstein@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
(404) 400-7300
(404) 400-7333 (fax)

Paul A. Grammatico (*pro hac vice*)
pgrammatico@kcozlaw.com
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
(213) 493-3988
(404) 400-7333 (fax)

**ROBINSON & COLE LLP**

Brian E.  Moran
Connecticut Bar No.  ct05058
bmoran@rc.com
Trevor L.  Bradley
Connecticut Bar No.  ct29993
tbradley@rc.com
1055 Washington Boulevard
Stamford, CT  06901
203-462-7500
203-462-7599 (fax)

*Counsel for Defendant Charter Communications, Inc.*

3

## **CERTIFICATE OF SERVICE**

I certify that today I filed the foregoing document using the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

DATED: September 28, 2021        */s/ Ryan D. Watstein*
                                 Ryan D. Watstein (*pro hac vice*)