**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DANIEL REASE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. 3:20-cv-00150-RNC<br><br>Hon. Robert N. Chatigny |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS—GOVERNMENT'S RESPONSE AND PETTIONER'S REPLY IN *LINDENBAUM* PETITION FOR CERTIORARI**

1

On September 10, 2021, Plaintiff filed a notice of supplemental authority regarding Charter's pending motion for judgment on the pleadings, citing *Lindenbaum v. Realgy, LLC*, 13 F. 4th 524 (6th Cir. 2021). Doc. 97. In *Lindenbaum*, the Sixth Circuit addressed the same issues raised in Charter's motion, including whether severance of a statute *always* operates retroactively and whether content-discriminatory laws are enforceable while they are discriminatory.

On December 8, 2021, the defendant in *Lindenbaum* submitted a petition to the Supreme Court for a writ of certiorari. Charter submitted the petition as supplemental authority on December 17, 2021. Doc. 103. Thereafter, the Court held a status conference on February 9, 2022, in which the Parties discussed the effect of the petition on Charter's motion. Doc. 104. The Court then entered a minute order indicating that the motion would be taken under advisement. Doc. 110.

Charter now respectfully submits the government's response to the *Lindenbaum* petition for certiorari (Exhibit A) and the petitioner's reply (Exhibit B). Both briefs are relevant to the constitutional and free speech issues at stake in Charter's pending motion, as the Court acknowledged during the last status conference. And a close review of the government's response and the petitioner's reply underscores the inadequacies of the government's position[1]—it fails to address many of the problems inherent in its position, including that it would allow legislatures to enact abhorrent exceptions to the TCPA (or another law) and then enforce that restriction against disfavored speakers. These briefs will assist the Court in evaluating the Parties' respective arguments and reaching a decision on Charter's pending motion.

---

[1] The same position taken by the court in *Pavelka v. Charter Commc'ns, Inc.*, No. 3:20-CV-01557 (MPS), 2021 WL 5566390 (D. Conn. Nov. 29, 2021).

2

| | |
|---|---|
| DATED: February 24, 2022 | **KABAT CHAPMAN & OZMER LLP**<br><br>*/s/ Ryan D. Watstein*<br>Ryan D. Watstein (*pro hac vice*)<br>rwatstein@kcozlaw.com<br>171 17th Street NW, Suite 1550<br>Atlanta, Georgia 30363<br>(404) 400-7300<br>(404) 400-7333 (fax)<br>*Counsel for Defendant Charter Communications, Inc.*<br><br>Paul A. Grammatico (*pro hac vice*)<br>pgrammatico@kcozlaw.com<br>333 S. Grand Avenue, Suite 2225<br>Los Angeles, California 90071<br>(213) 493-3988<br>(404) 400-7333 (fax)<br><br>**ROBINSON & COLE LLP**<br><br>Brian J. Wheelin<br>Connecticut Bar No. ct26823<br>bwheelin@rc.com<br>Trevor L. Bradley<br>Connecticut Bar No. ct29993<br>tbradley@rc.com<br>1055 Washington Boulevard<br>Stamford, CT 06901<br>203-462-7500<br>203-462-7599 (fax) |

## **CERTIFICATE OF SERVICE**

I certify that today I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will automatically send an electronic copy to all counsel of record.

Dated: February 24, 2022.  /s/ *Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)